# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ONE WORLD TECHNOLOGIES, INC.,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BORDER PROTECTION; and KEVIN K. MCALEENAN, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br>　　　　　　　　　　Defendants. | Case No.: 19-cv-00017<br><br>**JURY TRIAL DEMANDED**<br><br><br>**NON-CONFIDENTIAL** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ONE WORLD TECHNOLOGIES, INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF THE ARGUMENT ....................................... 1
II. APPLICABLE LAW ................................................................................................... 3
III. ARGUMENT ................................................................................................................ 4
    A. One World Has A Strong Likelihood Of Prevailing On The Merits ..................... 4
    B. One World Will Be Irreparably Harmed Without Injunctive Relief ..................... 6
    C. The Balance of Hardships Tips In One World's Favor ......................................... 8
    D. The Public Interest Favors One World's Requested Relief .................................. 9
IV. CONCLUSION .......................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*American Signature, Inc. v. United States*,
   598 F.3d 816 (Fed. Cir. 2010) ................................................................................................3

*CBB Grp., Inc. v. United States*,
   783 F. Supp. 2d 1248 (Ct. Int'l Trade 2011) ............................................................2, 4, 5, 6

*Celsis In Vitro, Inc. v. CellzDirect, Inc.*,
   664 F.3d 922 (Fed. Cir. 2012) ................................................................................................7

*Contracting Consulting Eng'g LLC v. United States*,
   103 Fed. Cl. 706 (2012) ..........................................................................................................3

*In Rem. Linarez v. U.S. Dept. of Justice*,
   2 F.3d 208 (7th Cir. 1993) ......................................................................................................8

*NMB Singapore Ltd. v. United States*,
   120 F. Supp. 2d 1135 (Ct. Int'l Trade 2000) ........................................................................7

*Pintracker Golf Inc. v. U.S.*,
   1997 WL 838879 (W.D. Wash. Oct. 16, 1997) ...................................................................8

*Silfab Solar, Inc. v. United States*,
   Slip Op. 18-15, 2018 WL 1176619 (Ct. Int'l Trade Mar. 5, 2018) ....................................3

*Sunpreme, Inc. v. United States*,
   181 F. Supp. 3d 1322, 1332 (Ct. Int'l Trade 2000) .........................................................3, 8

*U.S. Cane Suger Refiner' Ass'n v. Block*,
   683 F.2d 399 (C.C.P.A. 1982) ................................................................................................5

*Ugine-Savoie Imphy v. United States*,
   121 F. Supp. 2d 684 (Ct. Int'l Trade 2000) ..........................................................................9

*Union Steel v. United States*,
   617 F. Supp. 2d 1373 (Ct. Int'l Trade 2009) ........................................................................9

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) .....................................................................................................................3

*Zenith Radio Corp. v. United States*,
   710 F.2d 806 (Fed. Cir. 1983) ................................................................................................7

**Statutes**

19 U.S.C. § 1499 .................................................................................................5,6, 7, 9

28 U.S.C. § 1581 ............................................................................................... *passim*

**Other Authorities**

28 C.F.R. § 9.3 ..........................................................................................................8

Fed. R. Civ. P. 65(b) .............................................................................................3, 4

CIT Rule 7 ................................................................................................................1

CIT Rule 65 ..............................................................................................................1

In accordance with Rules 7 and 65 of the Rules of the United States Court of International Trade, plaintiff One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("One World"), by counsel, submits this Memorandum of Points and Authorities in Support of its accompanying Motion for Temporary Restraining Order ("Motion") enjoining defendants the United States of America, the U.S. Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), and Kevin K. McAleenan, in his official capacity as Commissioner of U.S. Customs and Border Protection (collectively, "Defendants"), from seizing One World's redesigned Ryobi® Ultra-Quiet Garage Door Openers Model No. GD126 ("Redesigned GDOs") until the Court decides One World's pending motion for a temporary restraining order and preliminary injunction.

## I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

On January 25, 2019, One World filed a motion for a temporary restraining order and preliminary injunction seeking to prevent Defendants from detaining or excluding One World's Redesigned GDOs. ECF No. 21 ("PI Motion").[1] To date, Defendants have detained four different shipments of the Redesigned GDOs (entry nos. 442-7565827-4, 442-756826-6, 442-7566118-7, and 442-7566194-8) and placed one additional shipment on examination hold (entry no. 442-7566255-7), including two shipments that One World attempted to import on January 2, 2019. PI Motion at 5; ECF No. 026 at 7. After One World filed its PI Motion, Defendants stated that they intended to seize all four detained shipments at some unspecified time. ECF No. 22. On February 2, 2019, in response to the Court's inquiry, Defendants advised that they intend to seize the first two shipments on February 12, 2019. ECF No. 24. Defendants have not stated when they intend

---

[1] A detailed statement of facts, including descriptions of the various proceedings relating to the '319 patent at issue, is set forth in in the PI Motion and thus are not repeated here.

to seize the remaining shipments. *Id.*

One World previously obtained injunctive relief from the CIT in case no. 18-cv-200 requiring Defendants to release a shipment of then-excluded Redesigned GDOs. *See* PI Motion, Ex. P at 22-23. In granting One World that relief, the Court determined that One World had shown it would suffer irreparable harm as a result of Defendants' exclusion of the Redesigned GDOs. *Id.* at 13-14. While the Court's order allowed One World to narrowly avoid suffering irreparable harm in December 2018, Defendants' continued detention of the Redesigned GDOs has placed One World back in the same position where it will suffer irreparable harm absent immediate injunctive relief. PI Motion at 34-37. Defendants have now gone a step further by indicating their intent to seize the Redesigned GDOs. If Defendants are permitted to seize the Redesigned GDOs, One World is *more* likely to suffer irreparable harm. Indeed, securing the immediate release of the Redesigned GDOs will only become more unlikely and time consuming if the detained merchandise is seized by Defendants.

The Court is presently considering whether One World has established jurisdiction under 28 U.S.C. § 1581(i). *See* ECF No. 26. If the Court determines that One World has established jurisdiction, then any attempted seizure is improper. *See CBB Grp., Inc. v. United States*, 783 F. Supp. 2d 1248, 1256 (Ct. Int'l Trade 2011). Permitting Defendants to issue seizure notices now, before the Court has decided the pending jurisdictional issue, could potentially usurp the Court of its authority to decide the jurisdictional issue, and it would potentially force One World to wait for forfeiture proceedings to be initiated before it may have the seized shipments returned. Both of those potential harms should be avoided by preserving the status quo.

Because One World is likely to succeed in establishing jurisdiction under subsection 1581(i), and because it will suffer irreparable harm if Defendants were permitted to seize the

detained shipments at this stage of the proceedings, Defendants should be restrained and enjoined from proceeding with any seizure of the detained shipments until this Court has ruled on One World's pending motion for a temporary restraining order and preliminary injunction.

## II.     APPLICABLE LAW

Rule 65 of the Rules of this Court allows for the issuance of a temporary restraining order in an action. A temporary restraining order may issue where:

1. the movant is likely to ultimately succeed on the merits of its claims;

2. the movant will be irreparably harmed without injunctive relief;

3. the balance of hardships tilts in the movant's favor; and

4. the public interest favors the grant of injunctive relief.

*American Signature, Inc. v. United States*, 598 F.3d 816, 823 (Fed. Cir. 2010) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 19 (2008)); *Silfab Solar, Inc. v. United States*, Slip Op. 18-15, 2018 WL 1176619, at *3 (Ct. Int'l Trade Mar. 5, 2018) (the standard for evaluating a motion for a temporary restraining order and a motion for a preliminary injunction are the same).

"No single factor is determinative, and 'the weakness of the showing regarding one factor may be overborne by the strength of the others." *Contracting Consulting Eng'g LLC v. United States*, 103 Fed. Cl. 706, 709 (2012) (quoting *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993)). "Where a plaintiff has shown that a strong threat of irreparable harm exists, the burden to show a likelihood of success on the merits is necessarily lower." *Sunpreme, Inc. v. United States*, 181 F. Supp. 3d 1322, 1332 (Ct. Int'l Trade 2000).

The party seeking to obtain a temporary restraining order bears the burden of showing that it is likely to succeed on the merits of its claims. *See Winter*, 555 U.S. at 20. In addition, a temporary restraining order requires the movant to demonstrate that "immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).

## III. ARGUMENT

### A. One World Has A Strong Likelihood Of Prevailing On The Merits

As set forth in One World's brief in support of the Court's subject matter jurisdiction, One World filed its original PI Motion seeking release of the detained shipments under 28 U.S.C. § 1581(i) because the potential remedies provided by other subsections of 1581 are manifestly inadequate. *See* ECF No. 26. For the reasons explained in One World's brief in support of the Court's subject matter jurisdiction, One World is likely to prevail in establishing jurisdiction under subsection 1581(i). *Id.*

If One World successfully establishes jurisdiction under subsection 1581(i), then the Court's jurisdiction over all four detained shipments attached on the date the Complaint and PI Motion was filed and *before* any seizure notices were issued for the detained shipments. *See CBB Grp.*, 783 F. Supp. 2d at 1251. Once jurisdiction over the detained shipments attaches, Defendants' attempt to seize the shipments is procedurally improper and threatens to usurp this Court's jurisdiction under subsection 1581(i).

The case of *CBB Group, Inc. v. United States*, 783 F. Supp. 2d 1248 (Ct. Int'l Trade 2011) involved different facts from those presented here, but the Court's reasoning is instructive. In *CBB Group*, Plaintiff's merchandise was detained and, after filing a protest that was deemed denied, Plaintiff brought suit in the CIT. *Id.* at 1249. After the action was brought in the CIT, Customs seized the merchandise. *Id.* at 1250. The government argued that once the merchandise was seized, customs laws deprived the CIT of the power to grant effective relief and the case must therefore be dismissed. *Id.* at 1252. The Court, however, concluded that jurisdiction had attached to the detained goods under subsection 1581(a) before CBP issued the seizure notice and an award

of relief was not precluded by the issuance of the seizure notice.  *Id.* at 1250.

In resolving the dispute, the Court examined the statutory language in 19 U.S.C. § 1499(c)(5)(C), which relates to the Court's judicial responsibility for an action respecting a detention:

> [O]nce an action respecting a **detention** is commenced, unless the Customs Service establishes by a preponderance of the evidence that an admissibility decision has not been reached for good cause, **the court shall grant the appropriate relief** which may include, but is not limited to, an **order to** cancel the detention and **release the merchandise**.

19 U.S.C. § 1499(c)(5)(C) (emphasis added).  The Court concluded that subsection 1499(c)(5)(C) "must apply in the circumstances of this case, in which Customs made no admissibility determination prior to commencement of this action."  *CBB Grp.*, 783 F. Supp. 2d at 1254.

In view of subsection 1499(c)(5)(C), the Court held that Customs cannot usurp the Court's power by initiating proceedings under a Seizure Notice:

> [T]he court's jurisdiction has attached to plaintiff's claim and [ ] **Customs, through actions taken subsequent to the commencement of this litigation, may not usurp the court's power to decide this case and to order an appropriate remedy.**  As a result, Customs is not free to take actions affecting the status or disposition of the merchandise at issue in this case, **either through proceedings initiated by the Seizure Notice** or otherwise, for such actions have the potential to deprive the court of the ability to order a remedy, contrary to congressional intent.

*Id.* at 1256 (emphasis added).

Although *CBB Group* involved the review of a protest decision under subsection 1581(a), where the government failed to timely issue an admissibility decision, the Court's analysis is equally applicable here for at least three reasons.

First, jurisdiction has attached to One World's claim under subsection 1581(i) because One World can make the requisite showing to proceed under 1581(i), as explained in One World's brief in support of the Court's subject matter jurisdiction.  ECF No. 26; *see, e.g., U.S. Cane Suger*

5

*Refiner' Ass'n v. Block*, 683 F.2d 399, 402 n.5 (C.C.P.A. 1982) ("the delay inherent in proceeding under § 1581(a) makes relief under that provision manifestly inadequate and, accordingly, the court has jurisdiction in this case under 1581(i)").

Second, subsection 1499(c)(5)(C) applies because "an admissibility decision [had] not been reached" by the CBP for the detained shipments of Redesigned GDOs at the time One World commenced this action.

Third, the plain language of subsection 1499(c)(5)(C) confers power to this Court "once an action respecting a *detention* is commenced," and the present action was commenced specifically to challenge Defendants' *detention* of the Redesigned GDO shipments.

Accordingly, as in *CBB Group*, Defendants cannot take any action, including issuing seizure notices, that may usurp the Court's authority to issue an order canceling the detention and requiring the release the Redesigned GDOs.  *See* 783 F. Supp. 2d at 1256.  Therefore, One World has a strong likelihood of succeeding on the merits.

B. **One World Will Be Irreparably Harmed Without Injunctive Relief**

As explained in the PI Motion, absent immediate release of the Redesigned GDOs, One World will suffer immediate and irreparable harm in at least three different forms.

First, [[█████████████████████████████████]] PI Motion at 35. If the detained Redesigned GDOs are not immediately released, [[████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

██████████████████████████████████████ ]]

One World's loss of business opportunities, market share, and goodwill are "viable threat[s] of serious harm which cannot be undone" and are therefore irreparable. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983); *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012). Indeed, the CIT previously found that "One World has demonstrated irreparable harm for the purposes of a preliminary injunction" for these same reasons. PI Motion, Ex. P at 14. Defendants have already wrongfully detained the four shipments of the Redesigned GDOs. If Defendants take the next step and seize the shipments, it is unlikely that the Redesigned GDOs will be released in time to prevent the irreparable harms described above.

Second, irreparable harm can also result from "the deprivation of [a plaintiff's] statutory right to obtain meaningful judicial review." *NMB Singapore Ltd. v. United States*, 120 F. Supp. 2d 1135, 1139 (Ct. Int'l Trade 2000). Pursuant to subsections 1581(i) and 1499(c)(5)(C), One World has a statutory right for the CIT to review Defendants' wrongful detention of the shipments. Defendants' potential seizure threatens to usurp this Court's jurisdiction before One World can obtain judicial relief, which will result in One World suffering irreparable harm for this additional reason.

Third, seizure will also preclude the Court from providing One World with effective relief. *NMB*, 120 F. Supp. 2d at 1140 ("For judicial review to be meaningful, it must be capable of providing a party with effective relief and the ability to enforce its rights."). If the seizure is allowed, the parties would first have to litigate whether the seizure was proper before any of the Redesigned GDOs could be released. By the time this issue was decided, it would be too late to cure One World's irreparable harm. *See id.* (finding irreparable harm because "[a]ny judicial

remedy would be fruitless").

Additionally, after seizure, One World would be forced to participate in forfeiture proceedings or risk losing its merchandise. Even if ultimately successful, the forfeiture proceedings would result in significant delays and irreparable harm to One World. In an administrative forfeiture proceeding, One World would have to file a petition for remission and wait for a decision from the CBP. 28 C.F.R. § 9.3. There appears to be no statutory deadline for when the CBP must make its decision (*see id.*) and the potential government shutdown would likely delay any decision. Moreover, because the CBP rules on the merits of the petition and will likely maintain its current position that the Redesigned GDOs infringe, petitioning would be futile.

In a judicial forfeiture proceeding, the CBP refers the matter to the United States Attorney who institutes a judicial forfeiture proceeding by filing a Complaint for Forfeiture *In Rem*. *Linarez v. U.S. Dept. of Justice*, 2 F.3d 208, 210 (7th Cir. 1993); *Pintracker Golf Inc. v. United States*, No. 97-cv-1214D, 1997 WL 838879 at *2 (W.D. Wash. Oct. 16, 1997). However, it could take months before the United States Attorney even *files* the complaint. For example, in *Pintracker*, the U.S. Attorney did not file the Complaint for Forfeiture until approximately eight months after plaintiff sought judicial forfeiture proceedings. 1997 WL 838879 at *2. Forcing One World to proceed with forfeiture proceedings now would cause it to suffer yet another form of irreparable harm.

    C.    **The Balance of Hardships Tips In One World's Favor**

"In balancing the hardships, harm to Plaintiff must be measured against harm to the government." *Sunpreme, Inc. v. United States*, 181 F. Supp. 3d 1322, 1342 (Ct. Int'l Trade 2016).

One World has demonstrated that it will suffer immediate and irreparable harm absent injunctive relief. In contrast, there can be no showing of any hardship on the part of Defendants. In fact, if an injunction issues, Defendants' burden will be diminished because they will not have

8

to seize the goods, publish notice of seizure, or initiate forfeiture proceedings.

Nor can Defendants argue they are being harmed inasmuch as they have an interest in the enforcement of any trade laws that will be compromised by One World's requested injunction. Preventing Defendants from issuing a seizure notice now does not deprive them of their ability to issue a seizure notice at a later date, after the Court has had time to fully assess the issues before it. One World also agrees not to use any delay in issuing such a seizure notice as a basis for any argument or motion in the future, which negates any argument of harm.

Accordingly, delaying seizure of the Redesigned GDOs will not cause Defendants any harm or prejudice, and therefore the balance of hardships favors One World.

### D.     The Public Interest Favors One World's Requested Relief

A court must consider whether granting injunctive relief is consistent with the public interest. *Ugine-Savoie Imphy v. United States*, 121 F. Supp. 2d 684, 690 (Ct. Int'l Trade 2000). Here, the public interest favors injunctive relief. Congress has provided jurisdiction upon this Court under subsection 1581(i) and judicial responsibility over an action respecting a detention under subsection 1499(c)(5)(C). The public interest is served by allowing the system devised by Congress to operate without disruption where the Court acts within its authority. *See Union Steel v. United States*, 617 F. Supp. 2d 1373, 1381 (Ct. Int'l Trade 2009). Similarly, "the public interest is served by preserving [One World's] right to meaningful judicial review." *Ugine-Savoi*, 121 F. Supp. 2d at 690.

On the other hand, allowing Defendants to seize products this Court has found not to be within the scope of the ITC's limited exclusion order is contrary to the public interest. *See id.* ("It is well settled that the public interest is served by ensuring that the ITA complies with the law, and interprets and applies the international trade statutes uniformly and fairly."). Additionally, the

parties and this Court have already expended significant resources on the issues at hand. Forcing the proceeding to start over in another forum to address the same issues waste judicial resources, which is not in the public interest.

## IV.    CONCLUSION

For all of the foregoing reasons, One World respectfully requests that Defendants be enjoined from seizing One World's non-infringing Redesigned GDOs until this Court has ruled on One World's pending motion for a temporary restraining order and preliminary injunction.

Dated:  February 6, 2019

Respectfully submitted,

By: /s/ *Jason C. White*
Jason C. White
Michael Abernathy
Nicholas A. Restauri
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

Of Counsel:

Eric S. Namrow
Susan Baker Manning
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

*Attorneys for Plaintiff One World Technologies Inc.*

Case No. 1:19-cv-00017

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2019, I caused the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ONE WORLD TECHNOLOGIES, INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER** to be electronically filed with the Clerk of the U.S. Court of International Trade by using the CM/ECF system, which will automatically generate and serve notice of this filing to all counsel of record, including counsel for the Defendants listed below:

Guy R. Eddon
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza
Room 346
New York, NY 10278
(212) 264-9232
Fax: (212) 264-1916
Email: *guy.r.eddon@usdoj.gov*

Amy Michelle Rubin
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza
Room 346
New York, NY 10278
(212) 264-9237
Fax: (212) 264-1916
Email: *amy.rubin@usdoj.gov*

Edward Francis Kenny
U.S. Department of Justice
Commercial Litigation Branch - Civil Div.
26 Federal Plaza
Room 346
New York, NY 10278
(212) 264-0480
Fax: (212) 264-1916
Email: *edward.kenny@usdoj.gov*

                                            */s/ Nicholas A. Restauri*
                                      NICHOLAS A RESTAURI
                                      Associate
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      77 W. Wacker Dr.
                                      Chicago, IL 60601