**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ONE WORLD TECHNLOGIES, INC., | |
| Plaintiff | |
| v. | Case No. 19-cv-0017 |
| THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BOARDER PROTECTION; and KEVIN K. MCALEENAN, in his official capacity as Commissioner of U.S. Customs and Border Protection | **JURY TRIAL DEMANDED** |
| Plaintiff | |

## MOTION FOR LIMITED DISCOVERY AND ENTRY OF A SCHEDULING ORDER

Defendant-Intervenor The Chamberlain Group, Inc. ("Chamberlain"), hereby moves this Court for the entry of an order permitting Chamberlain to conduct expedited, limited discovery for the purpose of developing an effective rebuttal to Plaintiff One World Technologies, Inc.'s ("OWT") assertions of irreparable harm and non-infringement.  If the Court intends to deny the Government's pending motion to dismiss this action for lack of jurisdiction, we respectfully ask that a schedule be entered providing deadlines for the parties to propound limited written discovery requests and conduct depositions prior to the Court entering a decision on Plaintiff One World Technologies, Inc.'s ("OWT") pending request for entry of a preliminary injunction.

## BACKGROUND

On January 25, 2019, OWT filed, among other things, a summons, a complaint, and a motion for temporary restraining order and preliminary injunction ("TRO/PI") supported by a memorandum and twenty-five exhibits.  OWT is seeking the release of four shipments of "redesigned" Ryobi-branded Garage Door Openers ("Redesigned GDOs") seized by Customs pursuant to a Limited Exclusion Order ("LEO") issued by the International Trade

1

Commission finding that OWT's GDOs infringed, among others, Chamberlain's U.S. Patent No. 7,161,319 ("the '319 patent").  Plaintiff's complaint asserts jurisdiction under both 28 U.S.C. § 1581(h) and 28 U.S.C. § 1581(i).  *See* Compl. at ¶ 5.

On February 6, 2019, Chamberlain filed its motion to intervene as patent owner and beneficiary of the challenged LEO.  The ITC filed a motion to intervene for the purpose of challenging jurisdiction on February 5, 2019.  The Court granted both of those motions on February 15, 2019, after entry of the TRO.

On January 28, 2019, Judge Stanceu—then presiding—ordered supplemental briefing on the questions of the Court's jurisdiction to grant OWT's requested relief under 28 U.S.C. § 1581(i).  Dkt. No. 11.  On February 7, 2019, OWT filed a dispositive motion for summary judgment of non-infringement.  See Dkt. No. 37.  On February 8, 2019, Judge Choe-Groves was assigned as presiding judge.  Dkt. No. 40.  Also on February 8, 2019, the Court set a hearing on OWT's requests for a TRO, PI, and on jurisdictional questions for February 11, 2019.  Dkt. No. 44.  On February 11, 2019, the Court canceled the planned hearing, instead conducting a closed telephonic hearing.  Dkt. No. 46.  The Government objected to the holding of the hearing, as they had not had the opportunity to submit any response to OWT's papers.  Dkt. No. 58-1 (sealed) at 5:17-22.  The Government also objected to holding the hearing without the opportunity to conduct written discovery or subpoena a Home Depot witness to rebut OWT's allegations of irreparable harm.  *Id.* at 6:5-17.  Over the Government's objections, OWT gave an opening statement and presented one witness, Mr. Mark Huggins, the Vice President of Product Development at OWT.  OWT also relied upon Mr. Huggin's prior testimony in the companion case—in which the Government also objected[1]—and the prior testimony of Mr. Stuart Lipoff, OWT's expert—to which the

---

[1] *See One World Techs., Inc. v. United* States, Case No. 18-0200, Dkt. 32 at 3.  OWT's two witnesses for the preliminary injunction hearing in Case No. 18-0200 were disclosed to Government counsel at 11:05 AM on September 24, 2018, one day prior to the hearing. At

Government also objected.  Later that same day, the Court granted OWT's motion for a TRO, holding that the Court possessed jurisdiction under § 1581(i) and prohibiting Customs from "seiz[ing]" or "taking any other action that may affect the disposition" of the detained shipments of Redesigned GDOs.  Dkt. No. 51 at 3.

On February 15, 2019, the Government Defendants moved to dismiss the case for want of jurisdiction.  In an order the same day, the Court ordered supplemental briefing on the jurisdictional questions.  Dkt. No. 57.  That briefing was completed on February 19, 2019.

On February 21, 2019, the Court extended the expiration of the TRO from February 25, 2019 to March 11, 2019.  The TRO remains in effect.  Dkt. No. 70.

For the reasons discussed below, Chamberlain respectfully submits that if the Government's pending motion to dismiss this action is not granted, then the Court should permit the parties to conduct expedited, limited discovery before ruling on OWT's request for a preliminary injunction.  Plaintiff's counsel has been apprised of this motion and does not consent.  Counsel for the ITC does not oppose the motion, and counsel for the Government opposes the motion to the extent that the Court rules on the discovery motion prior to determining whether it has jurisdiction.  If the Court finds that it has jurisdiction, the Government joins the instant motion.

## **ARGUMENT**

OWT's request for a PI—and the Court's grant of a TRO—are based on (1) OWT's claims that CBP improperly excluded its "redesigned" GDOs under the LEO because the products do not infringe the '319 patent; and (2) OWT's claims that it will suffer irreparable harm because its supplier, the Home Depot, may end the relationship.  With respect to the first element, the only evidence in front of the Court is the unrebutted say-so of OWT's expert in a separate, preliminary proceeding and OWT's self-serving characterization of

---

3:35 PM and 9:46 PM later that same day, OWT disclosed certain prior testimony from Mr. Huggins and Mr. Lipoff, respectively, to the Government.

Chamberlain's statements made in separate proceedings.  With respect to the second element, the only evidence in front of the Court is, again, unrebutted hearsay testimony from OWT about what Home Depot may do and unreliable, constantly shifting estimates of OWT's inventory.  Limited discovery—to OWT and to the Home Depot—is required to rebut OWT's one-sided narrative.

As the Court is likely aware, patent infringement cases are some of the most complex cases, requiring the adjudicator to review and consider extensive information regarding both the patent at issue, the allegedly infringing product, and the knowledge and understanding of experts in the field.  For example, in the modification proceeding for the LEO initiated pursuant to 19 C.F.R. § 210.76, fact discovery includes written discovery and three fact depositions related to the structure, function, and operation of the Redesigned GDOs and the deposition of competing experts.  Although OWT attempts to frame the issues as purely legal questions of claim construction, claim construction is undisputedly a mixed question of law and fact, particularly when based on expert testimony or opinion.  *See Teva Pharmas. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 843 (2015) ("The District Court's finding about this matter was a factual finding—about how a skilled artisan would understand [the claim term].")

Moreover, OWT's claims of irreparable harm are partially based on hearsay proclamations of what Home Depot may do and what Home Depot's inventory may be. Chamberlain's request for limited discovery will be targeted at testing OWT's claims.

Chamberlain understands the need for prompt resolution in the present case, and is therefore proposing limited discovery in a heavily compressed time frame, that will nonetheless permit Chamberlain to develop and present an effective rebuttal.  If this Court denies the Government's pending motion to dismiss and proceeds with a consideration of

OWT's request for a preliminary injunction, such consideration should be based on a full measure of relevant information.

Respectfully submitted,

Dated:  March 1, 2019

By: /s/ *Benjamin C. Elacqua*

Benjamin C. Elacqua
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, Texas 77010
Telephone:   (713) 654-5300
Facsimile:  (713) 652-0109

Joseph V. Colaianni, Jr.
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W.
Suite 1000
Washington, D.C. 20024
Telephone:   (202) 783-5070
Facsimile:   (202) 783-2331

John T. Johnson
**FISH & RICHARDSON P.C.**
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone:  (212) 765-5070
Facsimile:  (212) 258-2291

*Counsel for The Chamberlain Group, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to USCIT R. 5 and Paragraphs 5 and 6 of Administrative Order 02-01 of the U.S. Court of International Trade, I hereby certify that on February 19, 2019, I caused a copy of the foregoing The Chamberlain Group, Inc.'s Motion for Limited Discovery to be delivered to the following individuals:

| The United States Court of International Trade: | |
|---|---|
| United States Court of International Trade<br>1 Federal Plaza<br>New York, NY 10278-0001<br>Tel: 212-264-2800 | ☒ CM/ECF<br>☐ Hand-delivery<br>☐ Certified or Registered Mail<br>☐ First-class Mail<br>☐ Express Mail or Overnight Carrier |
| **One World Technologies, Inc.** | |
| Stephen Emory Ruscus<br>Morgan, Lewis & Bockius, LLP<br>1111 Pennsylvania Avenue, NW.<br>Washington, DC 20004-2541 | ☒ CM/ECF<br>☐ Hand-delivery<br>☐ Certified or Registered Mail<br>☐ First-class Mail<br>☐ Express Mail or Overnight Carrier |
| **The United States Of America** | |
| Guy R. Eddon<br>U.S. Department of Justice<br>International Trade Field Office<br>26 Federal Plaza<br>Room 346<br>New York, NY 10278 | ☒ CM/ECF<br>☐ Hand-delivery<br>☐ Certified or Registered Mail<br>☐ First-class Mail<br>☐ Express Mail or Overnight Carrier |
| **The United States Department of Homeland Security** | |
| CBP Assistant Chief Counsel<br>U.S. Department of Homeland Security<br>International Trade Litigation<br>U.S. Customs and Border Protection<br>26 Federal Plaza - Room 258<br>New York, NY 10278 | ☒ CM/ECF<br>☐ Hand-delivery<br>☐ Certified or Registered Mail<br>☐ First-class Mail<br>☐ Express Mail or Overnight Carrier |
| **United States Depart of Justice** | |
| Amy Michelle Rubin<br>U.S. Department of Justice<br>International Trade Field Office<br>26 Federal Plaza<br>Room 346<br>New York, NY 10278 | ☒ CM/ECF<br>☐ Hand-delivery<br>☐ Certified or Registered Mail<br>☐ First-class Mail<br>☐ Express Mail or Overnight Carrier |
| Chief Counsel Scott K. Falk<br>U.S. Customs and Border Protection<br>1300 Pennsylvania Ave. NW<br>Washington, DC 20229 | ☒ CM/ECF<br>☐ Hand-delivery<br>☐ Certified or Registered Mail<br>☐ First-class Mail<br>☐ Express Mail or Overnight Carrier |

| | |
|---|---|
| Edward Francis Kenny<br>U.S. Department of Justice<br>Commercial Litigation Branch - Civil Division<br>26 Federal Plaza<br>Room 346<br>New York, NY 10278 | ☒ CM/ECF<br>☐ Hand-delivery<br>☐ Certified or Registered Mail<br>☐ First-class Mail<br>☐ Express Mail or Overnight Carrier |

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Suite 2800
Houston, Texas 77010
Telephone:   (713) 654-5300
Facsimile:   (713) 652-0109

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ONE WORLD TECHNLOGIES, INC., | |
| Plaintiff | |
| v. | Case No. 19-cv-0017 |
| THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BOARDER PROTECTION; and KEVIN K. MCALEENAN, in his official capacity as Commissioner of U.S. Customs and Border Protection | **JURY TRIAL DEMANDED** |
| Plaintiff | |

**ORDER FOR LIMITED DISCOVERY AND ENTRY OF A SCHEDULING ORDER**

Upon reading The Chamberlain Group, Inc.'s ("Chamberlain") motion for limited discovery; upon other papers and proceedings had herein; and upon due deliberation, it is hereby

**ORDERED** that Chamberlain's motion be, and hereby is, granted; and it is further

**ORDERED** that the parties meet and confer on the specific discovery limits; and

**ORDERED** that the following schedule is entered in this matter:

1.  Limited discovery shall be completed by March 29, 2019.  Such discovery shall include limited written and deposition discovery on issues raised in OWT's Preliminary Injunction papers, including non-infringement and irreparable harm, as well as a limited third party subpoena for documents and a deposition to The Home Depot.

_____
JENNIFER CHOE-GROVES, JUDGE

Date: _____, 2019