Slip Op. 19-53

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ONE WORLD TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN, <br><br> Defendants, <br><br> and <br><br> THE CHAMBERLAIN GROUP, INC., and UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br> Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 19-00017 |

OPINION AND ORDER

[Denying the U.S. International Trade Commission's motion for a stay pending appeal.]

Dated: May 2, 2019

Jason C. White, Michael J. Abernathy, and Nicholas A. Restauri, Morgan, Lewis & Bockius, LLP, of Chicago, IL, for Plaintiff One World Technologies, Inc.

Guy R. Eddon, Amy M. Rubin, and Marcella Powell, International Trade Field Office, U.S. Department of Justice, of New York, N.Y., and Edward F. Kenny and Alexander J. Vanderweide, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendants United States, U.S. Department of Homeland Security, U.S. Customs and Border Protection, and Acting Commissioner Kevin K. McAleenan. With them on

the brief was Joseph H. Hunt, Assistant Attorney General.  Of counsel was Michael Heydrich, Office of Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Sidney A. Rosenzweig and Carl P. Bretscher, U.S. International Trade Commission, of Washington, D.C., for Defendant-Intervenor U.S. International Trade Commission.

Joseph V. Colaianni, Jr., Benjamin Elacqua, and John T. Johnson, Fish & Richardson, P.C., of Washington, D.C., Houston, TX, and New York, N.Y., for Defendant-Intervenor The Chamberlain Group, Inc.

Choe-Groves, Judge:  This case continues the ongoing litigation over garage door openers that were redesigned to avoid infringing a registered patent.  Before the court is the Motion of the U.S. International Trade Commission ("ITC" or "Commission") to Stay the Preliminary Injunction and All Further Proceedings, March 13, 2019, ECF No. 91 ("Motion to Stay").  For the reasons that follow, the court denies the ITC's motion.

I.      **Procedural History**

The court assumes familiarity with the facts of this case and only briefly discusses the procedural history.  The court entered a preliminary injunction in this case on March 11, 2019.  One World Technologies, Inc., v. United States, et al., 43 CIT __ , Slip Op. 19-33 (Mar. 11, 2019), ECF No. 86; Order, Mar. 11, 2019, ECF No. 87.  The preliminary injunction granted the requested relief in part, directing that the entries of redesigned garage door openers could not be seized.  The ITC filed a notice of appeal of this court's opinion and order on March 13, 2019.  Notice of Appeal, Mar. 13, 2019, ECF No. 90.  The Chamberlain Group, Inc. ("Chamberlain") filed a notice of appeal on March 19, 2019.  Chamberlain's Notice of Appeal, Mar. 19, 2019, ECF No. 95.  Defendants United States, United States Department of Homeland Security, United States Customs and Border Protection ("Customs"), and Commissioner Kevin K. McAleenan (collectively, "Defendants") filed a notice of appeal on April 17, 2019.  Notice of Appeal, Apr. 17, 2019, ECF No. 144.  The ITC filed the present Motion to Stay on March 13, 2019.  Mot. to

Stay, Mar. 13, 2019, ECF No. 91. Plaintiff One World Technologies, Inc. ("One World"), Defendants, and Chamberlain responded on April 3, 2019. One World's Opp'n to the ITC's Mot. to Stay, Apr. 3, 2019, ECF No. 121 ("One World's Response"); Defs' Resp. to the Mot. of the ITC to Stay the Prelim. Inj. & to Stay All Further Proceedings, Apr. 3, 2019, ECF No. 123 ("Defendants' Response"); Chamberlain's Resp. [in] Supp. of the ITC's Mot. to Stay the Ct.'s Prelim. Inj. & Further Proceedings, Apr. 3, 2019, ECF No. 127 ("Chamberlain's Response").

The ITC separately moved for a stay pending appeal in the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") on March 22, 2019. Non-Confidential Emergency Mot. of Appellant ITC to Stay the Trial Ct.'s Prelim. Inj. & Further Proceedings Below Until Subject Matter Jurisdiction is Established, One World Technologies, Inc. v. United States, No. 19-1663 (Fed. Cir.), ECF No. 6–1. The Federal Circuit denied the ITC's motion for a stay pending appeal on April 17, 2019. Order, One World Technologies, Inc. v. United States, No. 19-1663 (Fed. Cir.), ECF No. 37.

## STANDARD OF REVIEW

A stay is an exercise of judicial discretion. See Nken v. Holder, 556 U.S. 418, 433 (2009). The party requesting a stay bears the burden of showing that circumstances justify an exercise of judicial discretion. Id. at 433–34.

## DISCUSSION

The ITC argues that the circumstances justify a stay of the preliminary injunction. The court considers four factors in evaluating a motion for a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." Nken, 556 U.S. at 434; see also Nat. Res. Def. Council, Inc., v. Ross, 42 CIT __ , __ , 348 F. Supp. 3d 1306, 1312 (2018).[1]

### A. Stay Applicant's Showing of Likelihood of Success on the Merits

The ITC contends that it is likely to succeed on the merits of its appeal because the court's opinion did not sufficiently address jurisdictional objections.  Mot. to Stay 3, Mar. 13, 2019, ECF No. 91.  The ITC's Motion to Stay discusses the procedural history of this case but does not explain why the procedural history indicates that the ITC will be likely to succeed on the merits of its appeal.  Id. at 2–3.  The court allowed the ITC and Chamberlain to join the litigation and invited additional briefing from all Parties regarding jurisdiction.  The court considered all submitted briefs and arguments regarding the issue of jurisdiction.  The court finds that the ITC fails to meet its burden of making a "strong showing" of likelihood of success on the merits that the ITC will prevail on the jurisdiction issue.[2]  The court finds that this factor does not weigh in favor of granting a stay pending appeal.

### B. Applicant's Irreparable Injury Absent a Stay

The ITC argues that it will suffer irreparable injury to the administration of ITC orders if the preliminary injunction in this case is not stayed pending appeal.  See Mot. to Stay 2, Mar. 13, 2019, ECF No. 91 (arguing the ITC will face irreparable harm).  The ITC contends that the

---

[1] Defendants did not argue the factors for a stay pending appeal, but requested that the court defer consideration of the ITC's motion until completion of the appeals before the Federal Circuit.  In the alternative, Defendants consented to the ITC's Motion to Stay.  Defs.' Resp. 1–2, Apr. 3, 2019, ECF No. 123.

[2] Arguments by other Parties in support of the ITC do not weigh in favor of the ITC's likelihood of success on the merits.  Chamberlain argues that the U.S. Court of International Trade lacks jurisdiction in this matter and the court did not consider the merits of the injunction.  See Chamberlain's Resp. 2, Apr. 3, 2019, ECF No. 127.  One World responds that the ITC "does not even allege that this [c]ourt made any legal errors when granting the preliminary injunction." One World's Resp. 3–4, Apr. 3, 2019, ECF No. 121 (arguing that the ITC has not demonstrated a likelihood of success on the merits).

court's granting of the preliminary injunction, which ordered the Defendants to refrain from seizing the four entries of garage door openers at issue, would undermine the Commission's authority to modify its orders and would provide a road-map for infringers in future cases. Id. To the contrary, a separate, parallel proceeding seeking modification of the ITC's limited exclusion order is concurrently ongoing, thereby illustrating that this court's preliminary injunction enjoining seizure has not prohibited or interfered with the ITC's authority to modify its orders. This court reviews the actions taken by Customs with respect to the specific entries at issue, rather than opines about any actions taken by the ITC. In addition, the ITC has already appealed the preliminary injunction decision to the Federal Circuit. Notice of Appeal, Mar. 13, 2019, ECF No. 90. The ITC does not explain how the claimed injury would be irreparable if the ITC is able to seek relief from the Federal Circuit. Absent a showing of why the injury would be irreparable absent a stay, the court finds that this factor does not weigh in favor of granting a stay pending appeal.[3]

### C. Whether Issuance of a Stay Will Substantially Injure the Other Parties

The ITC's request for a stay of the preliminary injunction is, in effect, a request to rescind the preliminary injunction in this case. In evaluating Plaintiff's request for a preliminary injunction, the court found that Plaintiff would suffer irreparable harm. See One World Techs, Inc., 43 CIT at __, __, at *27–*30, *32, Slip Op. 19-33 (Mar. 11, 2019), ECF No. 86. In the

---

[3] The ITC argues that One World is "providing a road-map for infringers in future cases, irreparably harm[ing] the [ITC]'s statutory functions." Mot. to Stay 2, Mar. 13, 2019, ECF No. 91. It is not clear how a stay pending appeal would mitigate or eliminate the ITC's asserted injury. Arguments by other Parties in support of the ITC do not demonstrate that the ITC will face irreparable injury absent a stay. Chamberlain does not explain how potential harms faced by the ITC are irreparable. Chamberlain's Resp. 6–7, Apr. 3, 2019, ECF No. 127. Chamberlain also contends that it will face irreparable harm as a result of the preliminary injunction. Id. at 7–9. The issue before the court is whether the stay applicant, the ITC, will face irreparable injury absent a stay. Chamberlain is not the stay applicant for this motion.

present motion, the ITC argues that the harm facing One World is not irreparable.  <u>See</u> Mot. to Stay 4, Mar. 13, 2019, ECF No. 91 (discussing the "balance of hardships").  One World counters that it demonstrated irreparable harm when it sought the preliminary injunction.  One World's Resp. 6, Apr. 3, 2019, ECF No. 121.  Chamberlain argues that One World will not be substantially injured by a stay, even if Customs seizes One World's merchandise.  Chamberlain's Resp. 9, Apr. 3, 2019, ECF No. 127.  The court disagrees and notes that seizure of the merchandise at issue would cause substantial injury to One World, a party interested in the proceeding.  The court finds that this factor does not weigh in favor of granting a stay.

### D. Public Interest

The ITC argues that the public interest supports the appropriate exercise of the court's jurisdiction and the enforcement of ITC orders.  Mot. to Stay 4, Mar. 13, 2019, ECF No. 91.  One World counters that the enforcement of the ITC's orders is not implicated because "the preliminary injunction in no way modifies or rescinds the [ITC]'s orders."  One World's Resp. 5, Apr. 3, 2019, ECF No. 121.  Chamberlain argues, *inter alia*, that the ITC's ongoing modification proceeding warrants a stay in the present action.  Chamberlain's Resp. 9, Apr. 3, 2019, ECF No. 127.  The existence of a parallel proceeding arising out of a separate jurisdictional basis, *i.e.*, a modification proceeding at the ITC, does not demonstrate a public interest weighing for or against a stay in this action.  The court finds that the public interest is neutral.

## CONCLUSION

Based on the foregoing analysis, the court concludes that the ITC does not meet its burden for a stay.  A stay of the preliminary injunction and all other proceedings in this matter is not warranted as: (1) the ITC has not demonstrated a "strong showing" of likelihood of success on the merits, (2) the ITC has not demonstrated that it will be irreparably injured absent a stay in

this action, (3) the issuance of a stay would substantially injure another party, the Plaintiff, and (4) the public interest is neutral.  See Nken, 556 U.S. at 434.

Upon consideration of all papers and proceedings in this action, it is hereby

**ORDERED** that the ITC's Motion to Stay, Mar. 13, 2019, ECF No. 91, is denied.

    /s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: May 2, 2019
New York, New York