Slip Op. 19-33

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ONE WORLD TECHNOLOGIES, INC.,** | |
| **Plaintiff,** | |
| **v.** | |
| **UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and ACTING COMMISSIONER KEVIN K. MCALEENAN,** | **Before: Jennifer Choe-Groves, Judge** **Court No. 19-00017** **PUBLIC VERSION** |
| **Defendants,** | |
| **THE CHAMBERLAIN GROUP, INC. and UNITED STATES INTERNATIONAL TRADE COMMISSION** | |
| **Defendant-Intervenors.** | |

## OPINION

[Denying Defendants' motion to dismiss; Denying Defendants' motion to strike jury demand; Granting Plaintiff's preliminary injunction in part.]

Dated:  March 11, 2019

Jason C. White, Michael J. Abernathy, and Nicholas A. Restauri, Morgan, Lewis & Bockius, LLP, of Chicago, IL, for Plaintiff One World Technologies, Inc.

Guy R. Eddon, Amy M. Rubin, International Trade Field Office, U.S. Department of Justice, of New York, N.Y., and Edward F. Kenny, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendants United States, U.S. Department of Homeland Security, U.S. Customs and Border Protection, and Acting Commissioner Kevin K. McAleenan.  Marcella Powell, International Trade Field Office, U.S. Department of Justice, of New York, N.Y., for Defendant United States.  With them on the brief was Joseph H. Hunt,

Assistant Attorney General.  Of counsel was <u>Michael Heydrich</u>, Office of Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

<u>Sidney A. Rosenzweig</u> and <u>Carl P. Bretscher</u>, U.S. International Trade Commission, of Washington, D.C., for Defendant-Intervenor U.S. International Trade Commission.

<u>Joseph V. Colaianni, Jr.</u>, <u>Benjamin Elacqua</u>, and <u>John T. Johnson</u>, Fish & Richardson, P.C., of Washington, D.C., Houston, TX, and New York, N.Y., for Defendant-Intervenor The Chamberlain Group, Inc.

Choe-Groves, Judge:  This case highlights the procedural and jurisdictional hurdles that a party must overcome when it seeks to prevent the Government from stopping the import of its products into the United States.  In this case, One World Technologies, Inc. ("Plaintiff" or "One World") seeks declaratory and injunctive relief from the Court to allow future imports of its merchandise into the United States.  Plaintiff faces a frustrating dilemma, but has not met its procedural burdens to establish jurisdiction for declaratory relief.

The U.S. Court of International Trade, as an Article III Court, has limited jurisdiction. The Court is empowered to hear civil actions brought against the United States pursuant to the specific grants of jurisdiction enumerated under 28 U.S.C. § 1581(a)–(i).  The Court may grant declaratory, prospective relief for future imports under 28 U.S.C. § 1581(h) in certain circumstances, but only if the parties establish that each of the statutory requirements has been met for the court to exercise proper jurisdiction.  In this case 19-00017, and in another case 18-00200 pending before the Court, Plaintiff has attempted to establish jurisdiction under 28 U.S.C. § 1581(h).  Plaintiff seeks declaratory relief that will prevent Defendants from taking actions against its imported merchandise, but Plaintiff has failed to satisfy the statutory requirements of 28 U.S.C. § 1581(h) in both cases.  Plaintiff may seek to amend its pleadings to meet the requirements as outlined in this opinion.

Before the Court is the Motion for Temporary Restraining Order and Preliminary

Injunction ("First Motion for TRO/PI") of One World, and the Motion to Dismiss of the United

States, United States Department of Homeland Security, United States Customs and Border

Protection and Commissioner Kevin K. McAleenan (collectively, "Defendants").  For the

reasons that follow, the court exercises subject-matter jurisdiction over this action under 28

U.S.C. § 1581(i), denies Defendants' motion to dismiss, and grants Plaintiff's motion for

preliminary injunction in part.

## PROCEDURAL BACKGROUND

The court assumes familiarity with the facts leading up to this dispute as discussed in One

World Technologies, Inc. v. United States, 42 CIT __, __ F. Supp. 3d. __ (2018) ("One World

I").  One World brought this action on January 25, 2019, seeking a temporary restraining order

("TRO"), a preliminary injunction ("PI"), the immediate release by U.S. Customs and Border

Protection ("Customs") of certain imported, redesigned garage door openers ("GDOs")

contained in entries numbers: 442-75658274 ("First Shipment"), 442-75658266 ("Second

Shipment"), 442-75661187 ("Third Shipment"), and 442-75661948 ("Fourth Shipment"), and

declaratory relief.  Pl. Compl. ¶¶ 3–4, 11–18, 60–72 (Jan. 25, 2019), ECF No. 6; Pl. One World

Technologies, Inc.'s Mot. for TRO and Prelim. Inj. (Jan. 25, 2019), ECF No. 7 ("Pl.'s Mot.");

Mem. of P. & A. Supp. of Pl. Mot. for TRO and Prelim. Inj. (Jan. 25, 2019), ECF No. 8.

The court requested supplemental briefing on the court's subject-matter jurisdiction over

this action under 28 U.S.C. § 1581(i) on January 28, 2019.  Order, ECF No. 11.

Defendants provided supplemental information regarding the status of the four entries on

January 29, 2019 as follows:

| Entry No. | Date Presented | Status |
|---|---|---|
| 442-75658274 [First Shipment] | 1/14/2019 | Detained at the Port of Savannah, GA Detention no. 20191703000053 issued on January 15, 2019. Reason for detention: Import specialist review. |
| 442-75658266 [Second Shipment] | 1/17/2019 | Detained at the Port of Savannah, GA Detention no. 20191703000056 issued on January 17, 2019. Reason for detention: Import specialist review. |
| 442-75661187 [Third Shipment] | 1/29/2019 | Presented for Customs examination[.] |
| 442-75661948 [Fourth Shipment] | N/A | The container ship is arriving today. [January 29, 2019.] [The Amended Status Update, ECF No. 22, dated January 30, 2019, also stated "[t]he container ship is arriving today."] |

Def. Status Update, ECF No. 16.  Defendants did not identify the importation date for the four

entries.  Id.  Defendants provided another status update on February 1, 2019, notifying the court

that Customs intended to seize the First and Second Shipments on Tuesday, February 12, 2019.

Defs. Status Update, ECF No. 24.  At that time, Defendants did not have information regarding

seizure dates for the Third and Fourth Shipments.  ECF No. 24.

The U.S. International Trade Commission ("ITC") moved to intervene on February 5,

2019.  Mot. of the ITC for Leave to Intervene in Support of Defendants, ECF No. 27.   The

Chamberlain Group, Inc. ("Chamberlain") moved to intervene on February 6, 2019.

Chamberlain's Mot. to Intervene, ECF No. 33.

Plaintiff submitted an additional motion for a temporary restraining order on February 6,

2019.  Pl. One World Technologies, Inc.'s Mot. for TRO (Feb. 6, 2019), ECF No. 28 ("Pl.'s 2nd

Mot. for TRO").

The court held a TRO, Preliminary Injunction and Jurisdiction Hearing ("TRO & PI

Hr'g") on February 11, 2019.  TRO & PI Hr'g, Feb. 11, 2019, ECF No. 50.  Based on the record

and the representations of the parties as of that time, the court granted the TRO.  TRO, ECF No.

51.

Chamberlain petitioned to attend the TRO & PI Hearing.  Chamberlain's Pet. To Attend

the TRO & PI Hr'g, ECF No. 47.  The court denied Chamberlain's petition because the court

was previously notified that confidential information would be discussed in the hearing and

Chamberlain was not a signatory to the protective order.  Order, ECF No. 48.  Chamberlain filed

a writ of mandamus in the U.S. Court of Appeals for Federal Circuit on February 13, 2019,

which was denied on March 7, 2019.

The court ordered that the Parties respond to Chamberlain's and the ITC's motions to

intervene by February 15, 2019.  Order, ECF No. 52.  Following the Parties' responses, the court

granted Chamberlain's motion to intervene, granted ITC's motion to intervene for the limited

purpose of challenging subject matter jurisdiction, and requested supplemental briefing as to the

court's subject-matter jurisdiction under 28 U.S.C. § 1581 (h) or (i) in this case on February 15,

2019, ECF No. 53; ECF No. 56.[1]

Defendants submitted the instant Motion to Dismiss and Motion to Strike Demand for a

Jury Trial, and in Response to Plaintiff's Motion for Preliminary Injunction ("Defs.' Motion to

Dismiss") on February 15, 2019.  Defs.' Motion to Dismiss, ECF No. 58, 59.  In Defendants'

motion, Defendants proffered importation and exclusion dates for each entry as follows:

---

[1] On February 14, 2019, the court asked for briefing on whether this case should be consolidated
with One World I.  Upon consideration of these cases and the Parties' responses, the court has
decided not to consolidate the present case with Court No. 18-00200.

| Entry No. | Date of Importation | Date Presented for Examination | Date of Detention | Date of Deemed Exclusion |
|---|---|---|---|---|
| 442-75658274 | January 2, 2019 | January 14, 2019 | January 15, 2019 Notice no.[2] 20191703000053 | February 14, 2019 |
| 442-75658266 | January 2, 2019 | January 17, 2019 | January 17, 2019 Notice no. 20191703000056 | February 17, 2019 |
| 442-75661187 | January 22, 2019 | January 29, 2019 | January 31, 2019 Notice no. 20191703000065 | March 1, 2019 |
| 442-75661948 | January 29, 2019 | January 31, 2019 | February 4, 2019 Notice no. 20191703000067 | March 3, 2019 |

Id. at 4, 6.

The court extended the TRO on February 21, 2019, finding good cause and to preserve the *status quo* while the court received responses to the Defendants' Motion to Dismiss from the Parties.  TRO Extension, ECF No. 70.

**I.      Defendants' Motion to Dismiss**

In reviewing a motion to dismiss, the court must draw all reasonable inferences in favor of the non-movant when deciding a motion to dismiss for lack of jurisdiction.  See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

**A.   Subject-Matter Jurisdiction**

Plaintiff asserts that 28 U.S.C. § 1581(h) and (i) confer jurisdiction in this action.  Pl. Compl. ¶ 5.  Defendants contend that this action does not fall within the court's jurisdiction pursuant to 28 U.S.C. § 1581(h) or (i).  Defs.' Mot. to Dismiss 8, ECF No. 59.

The U.S. Court of International Trade, like all federal courts, is one of limited jurisdiction and is "presumed to be 'without jurisdiction' unless 'the contrary appears affirmatively from the

---

[2] "Notice no." refers to "Detention Notice Number."

record.'"  DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006)

(quoting King Iron Bridge & Mfg. Co. v. Otoe Cty., 120 U.S. 225, 226 (1887)).  The Court is

empowered to hear civil actions brought against the United States pursuant to the specific grants

of jurisdiction enumerated under 28 U.S.C. § 1581(a)–(i).  The party invoking jurisdiction must

"allege sufficient facts to establish the court's jurisdiction," id. (citing McNutt v. Gen. Motors

Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and therefore "bears the burden of

establishing it."  Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006).

### i.  Subject-Matter Jurisdiction Under 28 U.S.C. § 1581(h)

Under 28 U.S.C. § 1581(h), the court has:

> . . . exclusive jurisdiction of any civil action commenced to review, prior to the
> importation of the goods involved, a ruling issued by the Secretary of the Treasury,
> or a refusal to issue or change such a ruling, relating to . . . restricted merchandise,
> entry requirements, . . . or similar matters, but only if the party commencing the
> civil action demonstrates . . . that he would be irreparably harmed unless given an
> opportunity to obtain judicial review prior to such importation.

Plaintiff has the burden of establishing jurisdiction under 28 U.S.C. § 1581(h) by clear and

convincing evidence.  28 U.S.C. § 2639(b); see St. Paul Fire & Marine Ins. Co. v. United States,

6 F.3d 763, 768–69 (Fed. Cir. 1993).  A civil action under 28 U.S.C. § 1581(h) may be

commenced "by the person who would have standing to bring a civil action under section

1581(a)," 28 U.S.C. § 2631(h), and "prior to the exhaustion of administrative remedies if the

person commencing the action makes the demonstration required."  28 U.S.C. § 2637(c).

Plaintiff must show that four requirements are met in order to establish jurisdiction under

subsection (h):

> (1) judicial review must be sought *prior* to importation of goods; (2) review must
> be sought of a ruling, a refusal to issue a ruling or a refusal to change such ruling;
> (3) the ruling must relate to certain subject matter; and (4) irreparable harm must
> be shown unless judicial review is obtained *prior to* importation.

Best Key Textiles Co. v. United States, 777 F.3d 1356, 1360 (Fed. Cir. 2015) (emphasis in

original) (citing Am. Air Parcel Forwarding Co., Ltd. v. United States, 718 F.2d 1546, 1551–52

(Fed. Cir. 1983)).  The court addresses each requirement in turn.

### 1) Judicial Review Must Be Sought Prior to Importation of Goods

To determine whether the first requirement is met, the court examines if judicial review

was sought, identifies when the goods were imported, and then compares the date that judicial

review was sought to the date of importation.

First, Plaintiff contends that for the purposes of 28 U.S.C. § 1581(h) jurisdiction, the date

on which judicial review is sought is determined by the date of the complaint in this action

Hr'g. Tr. 20:21–25, Feb. 11, 2019.  CIT Rule 3 defines the commencement of an action as the

filing of a summons and complaint concurrently.  CIT R. 3(a)(3).  One World filed a summons

and complaint with the court on January 25, 2019.  Pl. Summons, ECF No. 1; Pl. Compl. ¶4,

ECF No. 6.  The summons and complaint commenced the action, and thus Plaintiff sought

judicial review on January 25, 2019.  CIT R. 3(a); 28 U.S.C. § 1581(h) ("The Court of

International Trade shall have exclusive jurisdiction of any civil action *commenced* to

review . . . .") (emphasis added).

Second, Plaintiff argues that for "importation of goods" for subsection (h) jurisdiction,

that date is determined either by: (1) the date of detention or presentment, or (2) the definition of

"date of importation" under 19 C.F.R. § 101.1.   Hr'g. Tr. 50:6–10, Feb. 11, 2019.  19 C.F.R.

§ 101.1 states in relevant part: "[i]n the case of merchandise imported by vessel, 'date of

importation' means the date on which the vessel arrives within the limits of a port in the United

States with intent then and there to unlade such merchandise."  Hr'g. Tr. 50:6-10, Feb. 11,

2019; 19 C.F.R. § 101.1.

Defendants counter that the date on which goods are presented for examination is not the date of importation. Defs.' Mot. to Dismiss 3, n.1, ECF 59. Although Defendants do not provide an alternate definition for the date of importation, Defendants contend that the intention of the statute was "to permit judicial review *prior to the completion of the transaction* or payment of the duties," and proffer dates of importation for each entry. Defs.' Mot. to Dismiss 19, ECF Nos. 58, 59; Manufacture De Machines Du Haut-Rhin, 569 F. Supp. at 881 n.3 (emphasis added).[3]

The court finds that the definition of "date of importation" in 19 C.F.R. § 101.1 is the appropriate definition that should be used to determine "importation of goods" for the first requirement of determining jurisdiction under 28 U.S.C. § 1581(h).

Third, having addressed "judicial review" and "importation of goods," the court now addresses whether or not judicial review was sought prior to the importation of goods. See Inner Secrets/Secretly Yours, Inc. v. United States, 18 CIT 1028, 1031, 869 F. Supp. 959, 963 (1994) (discussing how judicial review pursuant to 28 U.S.C. § 1581(h) is available only for prospective transactions). At the time of the preliminary injunction and TRO hearing, One World

---

[3] Defendants do not explain how the importation dates proffered in their motion to dismiss were determined, nor do they offer a definition of "date of importation" in their motion. Defs.' Motion to Dismiss, 3–4, ECF No. 59. This is inapposite to Defendants' statements during the TRO & PI hearing:

> JUDGE: for purposes of importation, how did the government -- what date would the government deem the entry to be imported? Is it date of presentment [or] the date of detention?

> MR. KENNY: Your Honor, I don't think the date of importation is not -- is not a date that's relevant. . . . It's date of presentment, followed by whether or not there's an exclusion within certain days of that date or not.

TRO & PI Hr'g. Tr. 19:1–9.

contended that their complaint was filed before the Third and Fourth Shipments were imported. TRO & PI Hr. Tr. 20:21–21:3, Feb. 11, 2019. One World also argued that other, "future shipments . . . destined for the U.S. in the coming weeks and months" would qualify for preimportation. TRO & PI Hr. Tr. 20:21-24, Feb. 11, 2019.[4] Defendants argue that One World's prior entry of a shipment of redesigned GDOs (which are the subject of court no. 18-00200) means that One World cannot claim that it is seeking judicial review prior to importation of the same model redesigned GDOs in the present case. Defs.' Mot. to Dismiss 19, ECF Nos. 58, 59. Plaintiff counters that prior to importation means prior to importation of a specific shipment. TRO & PI Hr. Tr. 35:1–6, Feb. 11, 2019, ECF No. 60.

Defendants' argument is not convincing. First, "[i]mporting goods while an appeal of a [28 U.S.C.] § 1581(h) decision is pending is neither prohibited nor protected by § 1581(h)." Heartland By-Prod., Inc. v. United States, 568 F.3d 1360, 1366 (Fed. Cir. 2009). Second, previous importation of goods does not preclude an importer from seeking preimportation review for future shipments under 28 U.S.C. § 1581(h).[5] See Holford USA Ltd., Inc. v. United States,

---

[4] One World's Supplemental Brief in Support of the Court's Subject Matter Jurisdiction references two additional shipments of redesigned GDOs, identified by entry nos. 442-75662557 and 442-75665436. ECF Nos. 63, 62, Exs. B & C. Customs' detention notice for entry no. 442-75662557 states "[a]dmissibility determination research" as the reason for detention. Entry no. 442-75662557 was presented on February 7, 2019, but does not have an identified importation date. ECF No. 62, Ex. B. One World's brief does not attach a detention notice for Entry no. 442-76565436, but does include an Entry Summary. Entry no. 442-76565436 was listed as imported on February 18, 2019. ECF No. 62, Ex. C. Entry nos. 442-75665436 and 442-75662557 are not listed in the complaint. Compl., ECF No. 6. One World did not amend its complaint in this case or in Court No. 18-00200 to address these additional shipments, and so entry nos. 442-75665436 and 442-75662557 are not properly before this court.

[5] Plaintiff may allege jurisdiction under 28 U.S.C. § 1581(h) in Court No. 18-00200 by amending their complaint to address identifiable future shipments which have not yet been entered. See 28 U.S.C. § 2638 ("In any civil action under section 515 of the Tariff Act of 1930 in which the denial, in whole or in part, of a protest is a precondition to the commencement of a civil action in

19 CIT 1486, 1488, 1492–93, 912 F. Supp. 555, 557, 560–61 (1995).  Plaintiff's entries may be

prospective transactions for the purposes of determining jurisdiction under subsection (h) and

Plaintiff has indicated that other entries currently on order will be forthcoming in the future.

As the court has already found that the date that judicial review is sought is defined by

the date of the summons and complaint, and that the date of importation for the purposes of

determining jurisdiction under 28 U.S.C. § 1581(h) is defined by 19 C.F.R. § 101.1, the court

compares the date of the summons and complaint with the date of importation for each entry to

determine whether subject-matter jurisdiction exists.

One World represents that the First Shipment was presented on January 14, 2019.  Pl.

One World's Supp. Br. Ct.'s Subject Matter Jurisdiction 4, ECF No. 63.  One World does not

specify whether it believes that the presentment date was the date of importation under 19 C.F.R.

§ 101.1, or if there was a separate importation date for that shipment.  See TRO & PI Hr'g Tr.

22:3–7, ECF No. 60; Pl. One World's Supp. Br. Ct.'s Subject Matter Jurisdiction 4, ECF No.

63.  Defendants represent that the First Shipment was imported on January 2, 2019 and presented

on January 14, 2019.  Defs.' Mot. to Dismiss, ECF No. 59; see Pl. Supp. Br. Supp. of Ct.'s

Subject Matter Jurisdiction 4, ECF No. 63.  As all the proffered importation dates for the First

Shipment preceded the date of the complaint, January 25, 2019, the court finds that the First

---

the Court of International Trade, the court, by rule, may consider any new ground in support of
the civil action if such new ground--

    (1) applies to the same merchandise that was the subject of the protest; and
    (2) is related to the same administrative decision listed in section 514 of the Tariff Act of
1930 that was contested in the protest.").

Shipment does not meet the first requirement for determining subject-matter jurisdiction under

28 U.S.C. § 1581(h).[6]

One World represents that the Second Shipment was presented on January 17, 2019.  Pl.

Br. Supp. Ct.'s Subject Matter Jurisdiction 7, ECF No. 25; see TRO & PI Hr'g Tr. 17:19–23,

ECF No. 60.  One World does not specify whether the presentment date was the date of

importation under 19 C.F.R. § 101.1, or if there was a separate importation date for that

shipment.  See TRO & PI Hr'g Tr. 22:3–7, ECF No. 60.  Defendants represent that the

Second Shipment was imported on January 2, 2019 and presented for importation on January 17,

2019.  Defs.' Mot. to Dismiss, ECF No. 59; see Pl. Supp. Br. Supp. of Ct.'s Subject Matter

Jurisdiction 4, ECF No. 63.  As all the proffered importation dates for the Second Shipment

precede the date of the complaint, the court finds that the Second Shipment does not meet the

first requirement for determining subject-matter jurisdiction under 28 U.S.C. § 1581(h).[7]

One World represents that the Third Shipment was placed on examination hold on

January 17, 2019, Pl. Compl. ¶ 18, ECF No. 6, and presented for examination on January 29,

2019.  Pl. Br. Supp. Ct.'s Subject Matter Jurisdiction 7, ECF No. 25; see TRO & PI Hr'g Tr.

17:19–23, ECF No. 60.  One World does not specify whether it alleges that the date of

importation under 19 C.F.R. § 101.1 was the presentment date, the date the shipment was placed

on examination hold, or another date.  See TRO & PI Hr'g Tr. 22:3–7, ECF No. 60.

Defendants represent that the Third Shipment was imported on January 22, 2019 and presented

on January 29, 2019.  Defs.' Mot. to Dismiss 3–4, ECF No. 59.  Absent Plaintiff's sufficient

---

[6] Even if the importation date is considered to be the date of presentment, the First Shipment
does not precede the date of the complaint.

[7] Even if the importation date is considered to be the date of presentment, the Second Shipment
does not precede the date of the complaint.

showing of an importation date, One World has not demonstrated by clear and convincing

evidence that the complaint of January 25, 2019 was filed prior to the importation of the Third

Shipment.

    One World represents that the Fourth Shipment was placed on examination hold on

January 24, 2019, Pl. Compl. ¶ 18, ECF No. 6, and presented for examination on January 31,

2019.  Pl. Supp. Br. Supp. Ct.'s Subject Matter Jurisdiction 4, ECF No. 63.  One World does not

specify whether it alleges that the presentment date for the Fourth Shipment was the date of

importation under 19 C.F.R. § 101.1, or if there was a separate importation date for that

shipment.  Defendants represent that the Fourth Shipment was imported on January 29, 2019 and

presented on January 31, 2019.  Defs.' Mot. to Dismiss 3–4, ECF No. 59.

    There is clear and convincing evidence that the importation date for the Fourth Shipment

is after the date of the complaint, as Defendants identified the importation date as January 29,

2019, and Plaintiff cross-references the Defendants' identified importation date.  Pl. Suppl. Br.

in Supp. of the Ct.'s Subject Matter Jurisdiction, ECF No. 62; TRO & PI Hr. Tr. 17:19–23, 20:

21–24, Feb. 11, 2019, ECF No. 60; see Entry Summary for Entry No. 442-75661948, ECF No.

21, Ex. X.  Because the proffered January 29, 2019 importation date is after January 25, 2019,

the date of the complaint, the court finds that the Fourth Shipment meets the first requirement for

determining subject-matter jurisdiction under 28 U.S.C. § 1581(h).

### 2) Judicial Review Must Be Sought of a Ruling, a Refusal to Issue a Ruling, or a Refusal to Change Such Ruling

    Defendants argue that: (1) final agency action has not occurred in this case, and (2) One

World has not challenged a Customs ruling in the present case.  Defs.' Mot. to Dismiss 14–21,

ECF No. 59.  One World argues that: (1) Customs' HQ H300129 or HQ H295697 are rulings at

issue in this case, even though HQ H300129 was issued in reference to a different entry number,

and (2) Customs' "action or inaction" has resulted in Customs' "delay in issuing . . . notices of

detention and . . . decisions with respect to admissibility."  Mem. P. & A. Supp. Pl. One World's

Mot. for TRO & PI 11, ECF No. 8; Pl. Supp. Br. Supp. Ct. Subject Matter Jurisdiction 3, 6, ECF

No. 63.

     First, the court considers whether Customs' HQ H300129 or HQ H295697 is a ruling for

the purposes of meeting the second requirement to establish (h) jurisdiction.  See Inner

Secrets/Secretly Yours, Inc. v. United States, 18 CIT 1028, 1031, 869 F. Supp. 959, 963 (1994)

(judicial review pursuant to 28 U.S.C. § 1581(h) is available only for prospective transactions).

A ruling within the meaning of 28 U.S.C. § 1581(h) is provided for by 19 U.S.C. § 1502(a) and

the statute's implementing regulations under 19 C.F.R. § 177.1.  Under 19 C.F.R. § 177.1,

preimportation rulings are addressed as rulings issued with respect to prospective transactions.

19 C.F.R. § 177.1(a)(1) ("It is in the interest of the sound administration of the Customs and

related laws that persons engaging in any transaction affected by those laws fully understand the

consequences of that transaction prior to its consummation.").

     A ruling is within the meaning of 28 U.S.C. § 1581(h) if it speaks "to specific

contemplated import transactions which contain identifiable merchandise and which will feel the

impact of the ruling with virtual certainty."  Pagoda Trading Co. v. United States, 6 CIT 296,

298, 577 F. Supp. 22, 24 (1983).  Customs HQ H295697 was issued on July 20, 2018.  ECF No.

62, Ex. A.  Although it is unclear precisely when the First, Second, Third, and Fourth Shipments

were contemplated, the information provided by One World indicates that these shipments were

contemplated several months following Customs HQ H295697.[8]  Customs' HQ H295697 is not

---

[8] [[


]]

identified in the Complaint, while HQ H300129 is identified.  See Pl. Compl ¶ 54, ECF No. 6.

Customs' detention notices for the First, Second, Third, and Fourth Shipments state that the

reason for detention is "import specialist review" and makes reference to neither HQ H295697

nor HQ H300129.  Pl. Compl. ECF No. 6, Exs. H & I; Pl. Br. Supp. Subject Matter Jurisdiction

Under 18 U.S.C. § 1581(i), ECF No. 25, Exs. 1 & 2; TRO & PI Hr'g Tr. 60:4–9, ECF No. 60.

Both Plaintiff and Defendants have discussed the ongoing modification proceedings at the ITC.

See Pl. Mem. P. & A. Supp. Pl. Mot. for TRO & PI 10, ECF No. 8; Pl. Br. Opp. To Defs.'

Mot. to Dismiss, Resp. Mot. to Strike, and Supp. Mot. for PI 24 ECF No. 77; Defs.' Mot. to

Dismiss 42, ECF No. 59; Chamberlain's Br. Resp. One World's Mot. for PI 3–4, ECF No. 79.

Under these circumstances, there is a "presence of additional issues in this action regarding

whether the ruling will actually be applied." Pagoda Trading, 6 CIT at 298.  One World has

failed to put forth evidence showing that it requested a specific ruling prior to importation of the

First, Second, Third, or Fourth shipments.[9]  Plaintiff has thus failed to demonstrate by clear and

convincing evidence that Customs' HQ H295697 is at issue in such a manner to meet the second

requirement for 28 U.S.C. § 1581(h) jurisdiction.

Customs' HQ H300129 is a written statement issued by the Intellectual Property Rights

Branch, the "appropriate office of Customs," that applied the provision of Customs and related

laws to a specific set of facts as identified in One World's protest, number 160118100231.[10]  HQ

H300129 1, 39, ECF No. 6, Ex. F, see 19 C.F.R. § 177.1(d)(1).  Customs' HQ H300129 spoke to

---

[9] One World may choose to amend its complaints in 19-00017 or 18-00200 to allege that it
challenges a specific ruling prior to importation of additional shipments that have not been
detained or seized.

[10] Customs defines the "Headquarters Office" as "Regulations and Rulings, Office of
International Trade at Headquarters, U.S. Customs and Border Protection, Washington, DC." 19
C.F.R. § 177.1(d)(6).  The decision here was issued by the Intellectual Property Rights Branch
within that office.

a different entry not at issue in this case.  Id.  One World has not provided additional evidence to

demonstrate that Customs is applying the Customs' HQ H300129 in this case.  Because

Customs' HQ H300129 does not identify the entries at issue in this case, and there is no other

evidence cited by Plaintiff to demonstrate Customs' application of the HQ H300129 to the

entries at issue in this case, One World has not met its burden of demonstrating that Customs'

HQ H300129 is a ruling within the meaning of 28 U.S.C. § 1581(h) by clear and convincing

evidence.  In order to establish (h) jurisdiction properly, One World would need to request a

preimportation ruling specifically related to an entry prior to import.  One World has not met that

procedural burden here.

Second, even if Customs' HQ H300129 is not considered a ruling within the meaning of

28 U.S.C. § 1581(h), the court considers whether or not Customs refused to issue or change a

ruling.  Best Key, 777 F.3d at 1360.  One World argues that Customs' notice of their intent to

seize the merchandise in the First and Second Shipments implies that Customs made a

determination, i.e., a ruling, as to whether the goods contained in the First and Second Shipments

infringe within the meaning of the ITC's Limited Exclusion Order, because the ITC's Limited

Exclusion Order is not self-executing with respect to any specific entry.  See Pl. Compl, ECF No.

6, Ex. D & O.

To determine if Customs refused to issue a ruling, the court first asks if a request for a

ruling was made.  One World represents that it made inquiries to Customs regarding Customs'

intended treatment of future redesigned GDO shipments.[11]  It is not clear from the record

---

[11] During the PI/TRO Hearing, counsel for One World stated: "[w]e also at that point sought to
learn CBP's intentions with respect to future shipments in view of the Court's order.  We reached
out to a number of the people at different ports and different jurisdictions, but we were not able
to get a response to our inquiry, so again we're unsure as to what position they were going to
take."  TRO & PI Hr'g Tr. 23:4–10, ECF No. 60.

whether these inquiries were made orally, or in writing.  Requests for rulings made orally and

in writing have different effects.  Oral requests will not result in a written ruling.  19 C.F.R.

§ 177.1(b).  Written requests may result in a ruling or an information letter.  19 C.F.R.

§ 177.1(d)(1)–(2).  The record is not clear if One World's requests to Customs were in the form

required by 19 C.F.R. § 177.2, nor is the record clear in what form Customs responded, if any.

       One World notes that 28 U.S.C. § 2637 does not require exhaustion of administrative

remedies prior to the commencement of a suit under 28 U.S.C. § 1581(h).  Pl. Mem. P. & A.

Supp. Mot. TRO & PI 14, n.5, ECF No. 21.  Even if exhaustion of administrative remedies is not

required, 28 U.S.C. § 2637 still requires that "the person commencing the action [make] the

demonstration required by such section," i.e., that jurisdiction under 28 U.S.C. § 1581(h) is

established by clear and convincing evidence.  28 U.S.C. § 2639(b).  Even if One World is not

required to request a ruling, One World would still have to show by some other clear and

convincing evidence that Customs refused to issue a ruling.  Based on the facts presented by One

World, Plaintiff's challenge to Customs' administrative decision does not allow "the Court to

limit its concentration to the correctness of a decision made as to a specific set of

circumstances," and thus does not meet the second requirement.  Pagoda Trading, 577 F. Supp.

at 24; see also 19 C.F.R. § 177.7 (identifying circumstances in which Customs will not issue a

ruling).

       Third, the court considers if Customs refused to change its ruling.  See 19 U.S.C.

1625(c); 19 C.F.R. § 177.12 (providing for modification or revocation of interpretive rulings and

protest review decisions).  The record is not clear as to whether or not One World sought a

modification or revocation of Customs' HQ H300129.[12]  Again, even if exhaustion of

administrative remedies is not required, 28 U.S.C. § 2637 still requires that "the person

commencing the action [make] the demonstration required by such section," i.e., that jurisdiction

under 28 U.S.C. § 1581(h) is established by clear and convincing evidence.  28 U.S.C. § 2639(b).

Even if One World is not required to request a modification or revocation of Customs' HQ

H300129 (that One World proposes applies to this case), One World would still have to show by

clear and convincing evidence that Customs refused to issue a ruling.  One World has not

provided such evidence.  Accordingly, the court finds that One World has not demonstrated by

clear and convincing evidence that Customs refused to change its ruling.  Thus, the court finds

that Plaintiff has failed to show by clear and convincing evidence that the second requirement of

(h) jurisdiction has been met.

### 3) The Ruling Must Relate to Certain Subject Matter

A ruling, refusal to issue a ruling, or a refusal to change a ruling, pertains to certain

subject matter when it relates to "classification, valuation, rate of duty, marking, restricted

merchandise, entry requirements, drawbacks, vessel repairs, or similar matters."  28 U.S.C.

§ 1581(h); see Best Key, 777 F.3d at 1360.  One World's proffered ruling, refusal to issue a

ruling, or refusal to change a ruling, all relate to the entry requirements and similar matters (i.e.,

examination, detention, and enforcement).  Because One World's proffered ruling relates to the

subject matter of the statute, the proffered ruling, refusal to issue a ruling, or a refusal to change

a ruling, may meet the third requirement.  Id.

---

[12] The record is not clear as to whether One World sought a modification or revocation of
Customs' HQ H295697.

### 4) The Importer Must Demonstrate That Irreparable Harm Would Occur Unless Judicial Review Prior to Importation is Obtained

The "standard for proving irreparable harm [in a § 1581(h) case] is essentially identical to that used to determine irreparable injury in cases where injunctive relief is sought." Connor v. United States, 24 CIT 195, 199 (2000) (citation omitted). Plaintiff must demonstrate, with clear and convincing evidence, that "the harm is highly probable." Id. at 196–97.  Irreparable harm is that which "cannot receive reasonable redress in a court of law." Id. at 197 (quoting Manufacture de Machines du Haut–Rhin, 6 CIT at 64).  "In evaluating that harm, the court must consider the magnitude of the injury, the immediacy of the injury, and the inadequacy of future corrective relief." Shree Rama Enter. v. United States, 21 CIT 1165, 1167, 983 F. Supp. 192, 194 (1997) (quotations omitted). "[I]mmediacy [of the injury] and the inadequacy of future corrective relief" may be weighed more heavily than magnitude of harm.  Nat'l Juice Prods. Ass'n v. United States, 10 CIT 48, 53, 628 F. Supp. 978, 984 (1986) (citations omitted).  Irreparable harm may not be speculative, see Am. Inst. for Imported Steel, Inc. v. United States, 8 CIT 314, 318, 600 F. Supp. 204, 209 (1984), or determined by surmise, Elkem Metals Co. v. United States, 25 CIT 186, 192, 135 F.Supp.2d 1324, 1331 (2001) (citation omitted).  Economic harm, or injury to the business, may constitute irreparable harm when "the loss threatens the very existence of the movant's business," Wisc. Gas Co. v. Fed. Energy Regulatory Comm'n, 758 F.2d 669, 674 (D.C. Cir. 1985), and may include financial loss, reputational injuries, and severe business disruption.  Kwo Lee, Inc. v. United States, 38 CIT __ , 24 F.Supp.3d 1322, 1327, n.5 (2014).  Irreparable harm may take the form of "[p]rice erosion, loss of goodwill, damage to reputation, and loss of business opportunities."  Id. at 1327.  Affidavit evidence attesting to increased business costs, loss of profits, and loss of business reputation may adequately document irreparable harm. Holford, 912 F. Supp. at 560.

As evidence of irreparable harm, One World offered the declaration and testimony of

Mark Huggins, a Senior Vice President at One World Technologies and General Manager –

Ryobi ONE+.  In his declaration, Mr. Huggins explained that he [[

]]  The court finds One World has

demonstrated irreparable harm by clear and convincing evidence.[13]

Based on the foregoing analysis, the court declines to exercise jurisdiction under 28

U.S.C. § 1581(h).

### ii.    Subject-Matter Jurisdiction Under 28 U.S.C. § 1581(i)

Under 28 U.S.C. § 1581(i), the Court has exclusive jurisdiction over:

any civil action commenced against the United States, its agencies, or its officers,
that arises out of any law of the United States providing for— . . .

(4) administration and enforcement with respect to the matters referred to
in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this
section.

28 U.S.C. § 1581(i).  The court's residual jurisdiction under 28 U.S.C. § 1581(i) "may not be

invoked when jurisdiction under another subsection of § 1581 is or could have been available,

unless the remedy provided under that other subsection would be manifestly inadequate."  Ford

---

[13] In making this finding, the court took into consideration, *inter alia*, the cross-examination of
Mr. Huggins.  TRO & PI Hr'g Tr. 93:25–119:12, ECF No. 58-1.

Motor Co. v. United States, 688 F.3d 1319, 1323 (Fed. Cir. 2012) (quotations omitted).  When

determining jurisdiction, the court looks to the true nature of the action.  Hartford Fire Ins. Co. v.

United States, 544 F.3d 1289, 1293 (Fed. Cir. 2008) (citing Norsk Hydro, 472 F.3d at 1355).

 To determine if the court may exercise jurisdiction over One World's claims under 28

U.S.C. § 1581(i), the court looks to the true nature of the action.  The true nature of this action is

that One World challenges Customs' detention of the First, Second, Third, and Fourth

Shipments, and alleges that Customs is continuing to enforce either Customs' HQ H295697 or

Customs' HQ H300129 beyond the scope of the protest that was at issue in that decision.  See Pl.

Supp'l. Br. Subject Matter Jurisdiction, 5–9; see TRO & PI Hr'g Tr. 25:24–26:3, ECF No.

60.  In other words, One World's cause of action speaks directly to the "administration and

enforcement," of a matter referred to in subsection (a), i.e., detention arising from the

interpretation of a protest decision.

 As the true nature of One World's claims pertain to 28 U.S.C. § 1581(a), the court

examines if jurisdiction under 28 U.S.C. § 1581(a) was available to One World.[14]  Defendants

argue that because the First, Second, Third and Fourth Shipments were deemed excluded on

February 14, 2019, February 17, 2019, March 1, 2019, and March 3, 2019, respectively, One

World may protest those exclusions and follow the statutory scheme leading to 28 U.S.C.

§ 1581(a) jurisdiction.  Defs.' Mot. to Dismiss. 27, ECF Nos. 58, 59; see 19 U.S.C.

§ 1499(c)(5)(A); 19 U.S.C. § 1514; 19 U.S.C. § 1515.[15]  Defendants' argument is not

convincing.  In Ford Motor Company v. United States, the Federal Circuit held that "based on

---

[14] 28 U.S.C. § 1581(b)–(g) do not apply to this case.
[15] Plaintiff has apparently not yet filed any protests in this case, even though each of the four
entries has been deemed excluded and the protest procedures are available to Plaintiff at this
time.

the time-of-filing rule the government's post-filings actions . . .  may have opened up a new

avenue for judicial review under [28] U.S.C. § 1581(a), but the actions cannot defeat subject

matter jurisdiction under § 1581(i)."  811 F.3d 1371, 1375 (Fed. Cir. 2016) (quotations omitted).

At the time of One World's complaint, One World could not have filed a valid protest because

no protestable event had occurred for the First, Second, Third and Fourth Shipments.  See 19

U.S.C. § 1514; Volkswagen of Am., Inc. v. United States, 532 F.3d 1365, 1369 (Fed. Cir. 2008).

Without being able to file a protest, One World could not seek judicial review under 28 U.S.C.

§ 1581(a), and One World did not have access to 28 U.S.C. § 1581(a) at the time of filing its

complaint.

      The court finds that jurisdiction under 28 U.S.C. § 1581(a) and (h) were unavailable to

One World at the time the complaint was filed.  The court finds that Plaintiff's complaint

pertains to "administration and enforcement" with respect to a matter referred to under

§ 1581(a), and the court may exercise subject-matter jurisdiction over this case under 28 U.S.C.

§ 1581(i).

      **ii.**    **Ripeness**

      A claim is non-justiciable if it is not ripe for judicial resolution, which requires the court

to evaluate two factors: (1) the fitness of the issues for judicial decision, and (2) the hardship to

the parties of withholding court consideration.  Nat'l Park Hospitality Ass'n v. Dep't of Interior,

538 U.S. 803, 808 (2003) (citing Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)).  Issues are

fit for judicial review if the agency action was final and if the issues presented are purely legal.

Abbott Labs., 387 U.S. at 149; Sys. Application & Techs., Inc. v. United States, 691 F.3d 1374,

1383–84 (Fed. Cir. 2012).  In contrast, a claim is not ripe for adjudication if it rests upon

"contingent future events that may not occur as anticipated, or indeed may not occur at all." Int'l

Customs Prods., 29 CIT at 1298 (quoting Texas v. United States, 523 U.S. 296, 296 (1998)).

Two conditions must be satisfied for agency action to be "final": first, the action must mark the

"consummation" of the agency's decision-making process, and second, the action must be one

by which "rights or obligations have been determined" or from which "legal consequences will

flow." Tabascos De Wilson, Inc. v. United States, 42 CIT __, 324 F. Supp. 3d 1304 (2018)

(citing Tokyo Kikai Seisakusho, Ltd. v. United States, 529 F.3d 1352 (Fed. Cir. 2008)).

Defendants argue that this case is not ripe for judicial review because there was no final

agency action at the time One World filed its complaint. Defs.' Mot. to Dismiss 16, ECF Nos.

58, 59. One World argues that final agency action is not required, and even if final agency

action is required, Customs' communicated intention to seize the First and Second Shipments on

February 12, 2019, was sufficient to consider Customs' actions final agency action. Pl. Br. Opp.

Defs.'s Mot. Dismiss, Resp. Mot. to Strike, Supp. Mot. PI 4, 7, ECF No. 77.

Defendants' argument is not convincing. Customs' intention to seize the First and

Second Shipments on February 12, 2019 was not merely speculative, and Customs' intention to

seize was final for the narrow purpose of determining ripeness. Customs' intention to seize

represented the "consummation" of the agency's decision-making process, even though the

process by which Customs reached that point is not clear, and a decision from which legal

consequences would flow, i.e., that One World would have to seek relief from this court related

to the detention of the merchandise or One World would have to challenge a seizure in District

Court. Customs' intention to seize was not speculative because Customs' intention to seize was

not contingent on future events. See One World Letter of March 11, 2019, ECF No. 85, Ex. A

(notifying the court that Customs seized entry no. 442-75662557 containing redesigned GDOs).

The court concludes that One World's claims are sufficiently ripe for review.

### B.  Defendant's Motion to Dismiss Under CIT Rule 12(b)(6)

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true and draws all reasonable inferences in favor of the plaintiff.  United States v. Nitek Elecs., Inc., 844 F. Supp. 2d 1298, 1302 (Fed. Cir. 2012) (citing Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 n.13 (Fed. Cir. 1993)); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff must allege more than threadbare recitals of the elements of a cause of action supported by mere conclusory statements to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Count I of One World's complaint alleges, *inter alia*, that Customs should not have detained the First, Second, Third, and Fourth Shipments because the merchandise falls outside of the scope of the ITC's Remedial Orders, Customs did not intend to make a final admissibility determination regarding the First, Second, Third, and Fourth Shipments, and that Customs refused, "through inaction or otherwise" to make a final admissibility determination regarding the First, Second, Third, and Fourth Shipments.  Pl. Compl.  ¶¶ 60–72.  Count I of One World's complaint seeks injunctive relief.  Id.  Count II of One World's complaint incorporates by reference the allegations of Count I and seeks declaratory relief.  Id. at ¶¶ 73–78.

Defendants argue that One World failed to state a claim because there was no final agency action and that "Customs' detention of entries pursuant to 19 U.S.C. § 1499 does not determine any rights or obligations or give rise to any legal consequences."  Defs.' Mot. to Dismiss, 9, 30 ECF Nos. 58, 59 (quotations omitted).  Plaintiff argues that even if final agency action was required, Customs' actions were final within the meaning of the

Administrative Procedures Act because Customs had decided on its actions, and Customs'

actions would have legal consequences as to One World's rights regarding the First, Second,

Third, and Fourth Shipments.  Pl.'s Br. Opp. Defs.' Mot. to Dismiss 9, ECF No. 77.

Defendants' argument is not convincing.  Even if Customs' decision was not a final

agency action, the court has discretion to determine the circumstances under which the court will

require exhaustion of administrative remedies.  28 U.S.C. § 2637(d) (providing that the court

"shall, where appropriate, require the exhaustion of administrative remedies"); see Cemex, S.A.

v. United States, 133 F.3d 897, 905 (Fed. Cir. 1998) (reasoning that "where Congress has not

clearly required exhaustion, sound judicial discretion governs") (quoting McCarthy v.

Madigan, 503 U.S. 140, 144 (1992)).  A party who does not exhaust all avenues of

administrative relief before presenting a claim to an agency usually is not permitted to raise that

claim for the first time before a court reviewing the agency's action.  See Woodford v. Ngo, 548

U.S. 81, 90 (2006) (citing United States v. L.A. Tucker Truck Lines, Inc. 344 U.S. 33, 37 (1952)

("[A]s a general rule . . . courts should not topple over administrative decisions unless the

administrative body not only has erred but has erred against objection made at the time

appropriate under its practice.")).  The court exercises its discretion to permit One World's claim

because Customs indicated its intent to seize the imported merchandise, and thus would have

deprived One World of its opportunity to challenge the detention if One World were to follow

the statutory scheme for protests and wait to receive a response from Customs.  Under the facts

of this case, this action was the first opportunity for One World to challenge Customs' alleged

actions or inactions.  See Valley Fresh Seafood, Inc. v. United States, 31 C.I.T. 1989, 1994

(2007).

As discussed above, One World's claims are cognizable under 28 U.S.C. § 1581(i)(4).

One World's claims state a plausible claim for relief because the court is empowered to provide

declaratory relief and injunctive relief, subject to certain limitations, when the court has

jurisdiction under 28 U.S.C. § 1581(i).[16] 28 U.S.C. § 2643(c)(1); CIT R. 57; CIT R. 65; see

Iqbal, 556 U.S. at 678; see 28 U.S.C. § 2201.

## II.  Plaintiff's Motion for a Preliminary Injunction

CIT Rule 65 allows for a court to grant injunctive relief in an action.  USCIT R. 65; 28

U.S.C. § 2643.  The court considers four factors when evaluating whether to grant a temporary

restraining order or preliminary injunction: (1) whether the party will incur irreparable harm in

the absence of such injunction; (2) whether the party is likely to succeed on the merits of the

action; (3) whether the balance of hardships favors the imposition of the injunction; and (4)

whether the injunction is in the public interest.  See Winter v. Nat. Res. Def. Council, Inc., 555

U.S. 7, 20 (2008); see also Wind Tower Trade Coal. v. United States, 741 F.3d 89, 95 (Fed. Cir.

2014).  No one factor is "'necessarily dispositive,' because 'the weakness of the showing

regarding one factor may be overborne by the strength of the others.'"  Belgium v. United States,

452 F.3d 1289, 1292–93 (Fed. Cir. 2006) (quoting FMC Corp. v. United States, 3 F.3d 424, 427

(Fed. Cir. 1993)).  The factors should be weighed according to a "sliding scale," which means

that a greater showing of irreparable harm in Plaintiff's favor lessens the burden on Plaintiff to

show a likelihood of success on the merits.  See id.  The court evaluates each of the four factors

in turn.

---

[16] See 28 US.C. § 2643(c)(1).  The provisions of 28 US.C. § 2643(c)(2)–(5) are not at issue in
this case.

### A. Irreparable Harm

Plaintiff must show that it will suffer irreparable harm absent a grant of injunctive relief. See Winter, 555 U.S. at 20.  Irreparable harm includes "a viable threat of serious harm which cannot be undone."  Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983) (internal citations omitted).  An allegation of financial loss alone generally does not constitute irreparable harm if future money damages can provide adequate corrective relief.  See Sampson v. Murray, 415 U.S. 61, 90 (1974).  Bankruptcy or substantial loss of business may constitute irreparable harm because "loss of business renders a final judgment ineffective, depriving the movant of meaningful judicial review."  Harmoni Int'l Spice, Inc. v. United States, 41 CIT __, __, 211 F. Supp. 3d 1298, 1307 (2017) (citing Doran v. Salem Inn, Inc., 422 U.S. 922, 932 (1975)).  "Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities" may also constitute irreparable harm.  CellzDirect, Inc., 664 F.3d at 930.

One World argues that, absent injunctive relief, [[




]]  At the PI/TRO hearing, One World presented witness testimony from Mark Huggins, One World's Senior Vice President of Product Development and General Manager – Ryobi ONE+.  Mr. Huggins testified that [[

]] <u>Id.</u> at 16–17.   One World also asserts irreparable harm in the form of loss of

goodwill.   Mr. Huggins testified that [[

]] <u>see</u> <u>Kwo Lee</u>, 24 F.Supp.3d

at 1327.   One World would suffer loss of business, loss of goodwill, and loss of business

opportunities.   The court finds that One World has demonstrated irreparable harm for the

purposes of a preliminary injunction through the credible testimony and declarations of its

witness.

**B.  Likelihood of Success on the Merits**

In order to obtain a preliminary injunction, Plaintiff bears the burden of showing that it is

likely to succeed on the merits of its claims.   <u>See</u> <u>Winter</u>, 555 U.S. at 20.   Plaintiff's complaint

alleges that Customs' "actions in continuing to enforce the Protest Decision are arbitrary,

capricious, an abuse of discretion, and not in accordance with the law."   Defendants argue that

this case does not involve the continuing enforcement of a prior protest denial because a "protest

is limited to the entries it identifies."   Defs.' Mot. to Dismiss, ECF Nos. 58, 59 at 25, n.7.

Plaintiff's description of its own claims relies on proving that Customs is detaining the

First, Second, Third and Fourth Shipments on the basis of Customs' prior protest denial related

to an entry, which is not the subject of the complaint in this matter.   Pl. Br. Opp. Defs.' Mot. to

Dismiss, Resp. Mot. to Strike, and Supp. Mot. for PI 12, ECF No. 77 ("This case involves One

World's challenge to CBP's definitive decision to continue to apply its Protest Decision to

detain, exclude, and potentially seize One World's Redesigned GDOs.") (emphasis removed).

Plaintiff also notes that the terms of ITC's Limited Exclusion Order are not self-executing with

respect to any specific entry.  See Pl. Compl. ECF No. 6, Ex. D & O.  In order to enforce the

ITC's Limited Exclusion Order, Customs must conduct an analysis and arrive at a decision

specific to the imported merchandise contained in the First, Second, Third and Fourth Shipments.

See Pl. Compl. ECF No. 6, Ex. F (showing Customs' analysis and decision with respect to the

same merchandise contained in a prior entry which is not at issue in this case).

      To support its claims, One World provides, *inter alia*, Customs' detention notices for the

First, Second, Third and Fourth Shipments, Pl. Compl. ECF No. 6 Exs. H & I; Pl. Br. Supp.

Subject Matter Jurisdiction Under 18 U.S.C. § 1581(i), ECF No. 25, Exs. 1 & 2.  Customs'

detention notices for the First, Second, Third and Fourth Shipments state that the reason for

detention is "import specialist review."  Pl. Compl. ECF No. 6, Exs. H & I; Pl. Br. Supp. SMJ

Under 18 U.S.C. § 1581(i), ECF No. 25 Exs. 1 & 2.

      Defendants proffered that "the four entries at issue were likely to be seized in the near

future in accordance with the ITC's Seizure and Forfeiture order."  Defs.' Mot. to Dismiss, ECF

No. 59; see Amended Status Update, ECF No. 22.  Defendants also advised the court that

"Customs intended to seize Entry Nos. 442-75658274 [First Shipment] and 442-75658266

[Second Shipment] on February 12, 2019, and noted that [Defendants] did not yet have

information about the planned seizure dates for Entry Nos. 442-75661187 [Third Shipment] and

442-75661948 [Fourth Shipment]."  Id. at 5.

      In the TRO & PI Hearing, One World argued that in order to seize the First and Second

Shipments, Customs must make a determination that the merchandise contained in the shipments

infringes on U.S. Patent No. 7,161,319 (the "'319 Patent").  TRO & PI Hr'g Tr. 71:18–72:3

ECF No. 60.

 Customs' decision to detain the First through Fourth Shipments, and later Customs'

intention to seize the First and Second Shipments, must rely on some analytical process because

the ITC's Limited Exclusion Order is not self-executing with respect to any specific entry.  See

Pl. Compl. ECF No. 6, Ex. D & O.  Customs' previous protest denials (HQ H300129 and HQ

H295697) are evidence of that analytical process.[17]  There is sufficient evidence on the record to

establish that Customs' decision to detain One World's merchandise was based on or informed

by Customs' previous protest denial, HQ H300129, or Customs' holding in HQ H295697, in

which Customs found that One World's redesigned merchandise infringed Chamberlain's patent

and should be excluded under the ITC's Seizure and Forfeiture order.  See TRO & PI Hr'g Tr.

69:16–72:12, ECF No. 60.

 As noted in One World I, the court previously conducted a claim construction analysis

and infringement analysis, finding that the Redesigned GDOs do not contain all of the limitations

of the '319 Patent.[18]  42 CIT at __.  The court's decision in One World I weighs in favor of

Plaintiff's likelihood of success on the merits.

 Plaintiff has demonstrated a likelihood of success on the merits at this time.

**C.  Balance of the Hardships**

 When evaluating a request for a preliminary injunction, it is the court's responsibility to

---

[17] The court does not apply the clear and convincing evidence standard in evaluating this preliminary injunction prong, as it did in determining subject-matter jurisdiction under 28 U.S.C. § 1581(h).

[18] One World and Chamberlain presented arguments on claim construction and infringement with respect to the Redesigned GDOs.  Chamberlain Br. Resp. One World's Mot. for PI 6–16, ECF No. 79.  The court does not reach these issues.

balance the hardships on each of the Parties.  See Winter, 555 U.S. at 20.  One World points to

its allegations of irreparable harm in support of this factor.  See Pl. Mem. P&A Supp. Mot. TRO

& PI, 37–38, ECF No. 21; Pl. Br. Opp. Defs.' Mot. to Dismiss, Resp. Mot. to Strike, Supp. Mot.

for PI 22–23, ECF No.77.  Defendants contend that the Government has an interest in the

administration and enforcement of customs law, including the ITC's Limited Exclusion Order.

See Defs.' Mot. to Dismiss 11, ECF Nos. 58, 59.  Defendants previously notified the court of

Customs' intention to seize the First and Second Shipments on February 12, 2019.  See Defs.'

Mot. to Dismiss 4–5, ECF No. 59; One World Letter of March 11, 2019, ECF No. 85, Ex. A

(notifying the court that Customs seized entry no. 442- 75662557 containing redesigned

GDOs).[19]  Seizure would place a greater hardship on Plaintiff than the Defendants, who could

still potentially seize the goods pending the outcome of this case.  The court finds that the

balance of hardships tips in favor of the Plaintiff.

### D.  Injunction Serves the Public Interest

Plaintiff must address whether the grant of a preliminary injunction serves the public

interest.  See Winter, 555 U.S. at 20.  Defendants argue that issuance of an injunction is not in

the public interest because an injunction would incentivize importers to seek injunctive relief and

burden the court.  Defs.' Mot. to Dismiss 41, ECF No. 59; see [[



]].  Defendants also argue that the public interest is

served by the Government's protection and enforcement of intellectual property rights via the

---

[19] [[



]]

mandate of the ITC.  Id. at 42.  One World counters that the "public interest is not served by

enforcing a patent beyond its metes and bounds" and argues that patent law promotes innovation

by encouraging companies to "design around patents."  Pl. Br. Opp. Defs.' Mot. to Dismiss,

Resp. Mot. to Strike, Supp. Mot. for PI 22–23, ECF No. 77; see [[



]].

One World also highlights the procedural history of this case as support for the proposition that

importers will not be further incentivized to seek injunctive relief in this court.  Id. at 23–24.

The court finds that this public interest factor does not tip in favor of either Party.

 The court finds Plaintiff has demonstrated a likelihood of success on the merits, Plaintiff

has demonstrated credible irreparable harm, the balance of hardships tips in favor of the Plaintiff,

and the public interest is neutral between the Parties.

### III. Defendants' Motion to Strike Demand for Jury Trial

Defendants' Motion to Strike Demand for Jury Trial is moot as One World has agreed to

withdraw its jury trial demand.  See Pl. Br. Opp. Defs.' Mot. to Dismiss, Resp. Mot. to Strike,

Supp. Mot. for PI 24, ECF No. 77.

### IV. Conclusion

 The court does not have subject-matter jurisdiction under 28 U.S.C. § 1581(h), as

Plaintiff did not establish the jurisdictional requirements by clear and convincing evidence.  The

court has subject-matter jurisdiction under 28 U.S.C. § 1581(i).  Defendants' motion to dismiss is

denied and Plaintiff's motion for a preliminary injunction is granted.

An order will issue accordingly.


                                                            /s/ Jennifer Choe-Groves
                                                            Jennifer Choe-Groves, Judge


Dated:   March 11, 2019

         New York, New York