Slip Op. 19-56

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ONE WORLD TECHNOLOGIES, INC.,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and COMMISSIONER KEVIN K. MCALEENAN,**<br><br>      **Defendants,**<br><br>**and**<br><br>**THE CHAMBERLAIN GROUP, INC. and UNITED STATES INTERNATIONAL TRADE COMMISSION,**<br><br>      **Defendant-Intervenors.** | **Before: Jennifer Choe-Groves, Judge**<br><br>**Court No. 19-00017** |

## OPINION

[Granting Plaintiff's motion to dismiss under USCIT Rule 41(a)(2).]

Dated:  May 9, 2019

Jason C. White, Michael J. Abernathy, and Nicholas A. Restauri, Morgan, Lewis & Bockius, LLP, of Chicago, IL, for Plaintiff One World Technologies, Inc.

Guy R. Eddon, Amy M. Rubin, and Marcella Powell, International Trade Field Office, U.S. Department of Justice, of New York, N.Y., and Edward F. Kenny and Alexander J. Vanderweide, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendants United States, U.S. Department of Homeland Security, U.S. Customs and Border Protection, and Commissioner Kevin K. McAleenan.  With them on the

brief was <u>Joseph H. Hunt</u>, Assistant Attorney General.  Of counsel was <u>Michael Heydrich</u>, Office of Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

<u>Sidney A. Rosenzweig</u> and <u>Carl P. Bretscher</u>, U.S. International Trade Commission, of Washington, D.C., for Defendant-Intervenor U.S. International Trade Commission.

<u>Joseph V. Colaianni, Jr.</u>, <u>Benjamin Elacqua</u>, and <u>John T. Johnson</u>, Fish & Richardson, P.C., of Washington, D.C., Houston, TX, and New York, N.Y., for Defendant-Intervenor The Chamberlain Group, Inc.

Choe-Groves, Judge:  This opinion concludes the ongoing litigation in the U.S. Court of International Trade between Plaintiff One World Technologies, Inc. ("Plaintiff" or "One World") and the United States, United States Department of Homeland Security, United States Customs and Border Protection, and Commissioner Kevin K. McAleenan (collectively, "Defendants" or "the Government").  Before the court is One World's Joint Motion to Dismiss or to Stay the Case Pending Dismissal of Appeals, May 1, 2019, ECF No. 162 ("Joint Motion to Dismiss").  For the reasons that follow, the court grants Plaintiff's Joint Motion to Dismiss.

## BACKGROUND

One World produces Garage Door Openers ("GDOs") under the brand name Ryobi.  Pl. Am. Compl. ¶ 8, Apr. 2, 2019, ECF No. 120 ("Pl. Am. Compl.").  One World redesigned its GDOs ("Redesigned GDOs") following proceedings before the U.S. International Trade Commission ("ITC").  Pl. Am. Compl. ¶ 1.  On March 30, 2018, One World requested a pre-importation administrative ruling under 19 C.F.R. § 177 ("One World's Ruling Request") from U.S. Customs and Border Protection ("CBP" or "Customs").  Pl. Am. Compl. ¶ 68; Pl. Am. Compl. Ex. V, Apr. 2, 2019, ECF No. 120-22 ("Pl. Am. Compl. Ex. V").  One World's Ruling Request asked Customs to determine that Redesigned GDOs fall outside the scope of the Limited Exclusion Order issued by the ITC.  Pl. Am. Compl. ¶ 69; Pl. Am. Compl. Ex. V at 2, 11–14.

While awaiting Customs' ruling letter, One World attempted to import a shipment of Redesigned GDOs on or about June 29, 2018 (Entry No. 442-75629994).  Pl. Am. Compl. ¶ 77.

Customs denied entry of the shipment, One World protested (Protest No. 160118100231), and

Customs issued HQ H300129.  Id.; see Pl. Am. Compl. Ex. F, at 1, Apr. 2, 2019, ECF No. 120-6

("Pl. Am. Compl. Ex. F").  In HQ H300129, Customs found that the merchandise in the

shipment "appears to meet all of the limitations of at least independent claims 1 and 9 of the '319

patent" and One World "has not met its burden to establish that the merchandise at issue does not

infringe these claims."  Pl. Am. Compl. Ex. F at 38.

Customs responded to One World's Ruling Request and issued a pre-importation ruling,

designated HQ H295697, on July 20, 2018.  Pl. Am. Compl. ¶ 73; Pl. Am. Compl. Ex. W, Apr.

2, 2019, ECF No. 120-23 ("Pl. Am. Compl. Ex. W"); see also Defs' Mem. in Supp. of Mot. to

Dismiss 2, 6, Apr. 16, 2019, ECF No. 143.  In HQ H295697, Customs again found that One

World did not meet its burden to establish that the Redesigned GDOs did not infringe the '319

patent.  Pl. Am. Compl. Ex. W at 35.

Plaintiff filed suit in the U.S. Court of International Trade to challenge Customs' protest

decision and requested a Temporary Restraining Order ("TRO") and Preliminary Injunction

("PI") on September 13, 2018.  Summons, One World Techs., Inc. v. United States, No. 18-cv-

00200-JCG (CIT Sept. 13, 2018), ECF No. 1; Complaint, One World Techs., Inc. v. United

States, No. 18-cv-00200-JCG (CIT Sept. 13, 2018), ECF No. 6; Pl. One World Tech.'s Mot. for

TRO & Prelim. Inj., One World Techs., Inc. v. United States, No. 18-cv-00200-JCG (CIT Sept.

13, 2018), ECF No. 5.  The court issued an opinion in One World Techs., Inc. v. United States,

42 CIT __, 357 F. Supp. 3d 1278 (2018) ("One World I"), on December 14, 2018, which

conducted a claim construction analysis and infringement analysis of the Redesigned GDOs.  Id.

at __, 357 F. Supp. 3d at 1289–93.  The court concluded that because One World's Redesigned

GDOs did not contain all the limitations of the '319 Patent, One World's Redesigned GDOs did

not infringe the '319 Patent and Customs determined improperly that One World's Redesigned

GDOs fell within the scope of the ITC's Limited Exclusion Order.  Id. at 1293.  The preliminary

injunction directed release of the shipment in that case.  Order at 2, One World Techs., Inc. v.

United States, No. 18-cv-00200-JCG (CIT Dec. 14, 2018), ECF No. 72.

Plaintiff then attempted to import two shipments of Redesigned GDOs (Entry Nos. 442-

75658274 ("First Shipment") and 442-75658266 ("Second Shipment")) on January 2, 2019.  See

Entry Summary, No. 442-75658274, Jan. 30, 2019, ECF No. 21-1; Detention Notice, Entry No.

442-75658274, Pl. Am. Compl. Ex. H, Apr. 2, 2019, ECF No. 120-8; Entry Summary, No. 442-

75658266, Jan. 30, 2019, ECF No. 21-2.  Customs detained the First and Second Shipments on

January 15, 2019 and January 17, 2019, respectively.  Pl. Am. Compl. ¶¶ 11–16; Pl. Am. Compl.

Ex. H, Apr. 2, 2019, ECF No. 120-8; Pl. Am. Compl. Ex. I, Apr. 2, 2019, ECF No. 120-9.

Plaintiff attempted to import an additional shipment of Redesigned GDOs on January 22, 2019

(Entry No. 442-75661187 ("Third Shipment")), and filed this suit on January 25, 2019, shortly

before another shipment of Redesigned GDOs was imported on January 29, 2019 (Entry No.

442-75661948 ("Fourth Shipment")).  Pl. Am. Compl. ¶¶ 17–22; Pl. Am. Compl. Ex. Q, Apr. 2,

2019, ECF No. 120-17; Summons, Jan. 25, 2019, ECF No. 1; Compl., Jan. 25, 2019, ECF No. 6

("Compl."); Pl. Am. Compl. Ex. R, Apr. 2, 2019, ECF No. 120-18.

The court held a TRO, PI, and Subject Matter Jurisdiction Hearing ("TRO & PI Hr'g")

on February 11, 2019.  TRO & PI Hr'g, Feb. 11, 2019, ECF No. 50; TRO & PI Hr'g Tr., Feb. 11,

2019, ECF No. 60.  Following the hearing, the court issued a TRO directing Defendants not to

seize the First, Second, Third, and Fourth Shipments.  Order, Feb. 11, 2019, ECF No. 51.  The

court extended the TRO on February 21, 2019.  Order, Feb. 21, 2019, ECF No. 70.

Chamberlain filed a writ of mandamus in the U.S. Court of Appeals for the Federal

Circuit on February 13, 2019, which was denied on March 7, 2019.  Emergency Pet. for a Writ

of Mandamus, In Re The Chamberlain Group, Inc., No. 19-111 (Fed. Cir. Feb. 13, 2019), ECF

No. 3; Order, In Re The Chamberlain Group, Inc., No. 19-111 (Fed. Cir. Mar. 7, 2019), ECF No.

29.

     While the motion for the preliminary injunction was pending, Plaintiff attempted to

import two additional shipments of Redesigned GDOs (Entry Nos. 442-75662557 ("Fifth

Shipment") and 442-75665436 ("Sixth Shipment")).  Pl. Am. Compl. ¶¶ 23–28.  The Fifth and

Sixth Shipments were not subject to the original complaint in this case.  See Compl.  Customs

proffers that the Fifth Shipment was seized on March 8, 2019 and the Sixth Shipment was seized

on March 11, 2019.  Defs.' Resp. to Pl.'s Mot. for Leave to File Am. Compl. 3, Mar. 29, 2019,

ECF No. 113.[1]

     The court issued a preliminary injunction on March 11, 2019.  One World Techs., Inc. v.

United States, et al., Slip Op. 19-33, 2019 WL 2005746 (CIT Mar. 11, 2019) ("One World II");

Order, Mar. 11, 2019, ECF No. 87.  The preliminary injunction granted the requested relief in

part, directing that the entries of Redesigned GDOs could not be seized.  Order, Mar. 11, 2019,

ECF No. 87.

     The ITC filed a notice of appeal of the preliminary injunction on March 13, 2019.  Notice

of Appeal, Mar. 13, 2019, ECF No. 90.  The Chamberlain Group, Inc. ("Chamberlain") filed a

---

[1]  Plaintiff initially notified the court of the seizure by letter.  Ltr. from Jason C. White to Hon.
Jennifer Choe-Groves, Mar. 11, 2019, ECF No. 85.  Defendants moved to strike Plaintiff's letter.
Defs.' Mot. to Strike, Mar. 12, 2019, ECF No. 88.  The court denied Defendants' Motion to
Strike on March 13, 2019.  Order, Mar. 13, 2019, ECF No. 89; see also Defs.' Resp. to Pl.'s Mot.
for Leave to File Am. Compl., Mar. 29, 2019, ECF No. 113 (proffering that "these entries have
been seized by U.S. Customs and Border Protection").

notice of appeal on March 19, 2019.  Chamberlain's Notice of Appeal, Mar. 19, 2019, ECF No.

95.  After the ITC filed notice of its appeal to the U.S. Court of Appeals for the Federal Circuit,

the ITC filed a motion to stay the preliminary injunction and proceedings in the U.S. Court of

International Trade on March 13, 2019.  Mot. of the ITC to Stay the Prelim. Inj. & All Further

Proceedings, Mar. 13, 2019, ECF No. 91.

    The Parties submitted a Scheduling Order on March 20, 2019.  Corrected Consent Mot.

for Scheduling Order, Mar. 20, 2019, ECF No. 97.  The court issued a scheduling order on

March 21, 2019.  Scheduling Order, Mar. 21, 2019, ECF No. 99.

    Defendants moved for rehearing or reconsideration pursuant to USCIT Rule 60 on March

21, 2019.  Defendants' Mot. for Reh'g or Recons., Mar. 21, 2019, ECF No. 100.  One World,

Chamberlain, and the ITC responded.  Pl.'s Opp'n to Defs' Mot. to Reconsider, Apr. 3, 2019,

ECF No. 122; Chamberlain's Resp. to Defs' Mot. for Reh'g or Recons., Apr. 3, 2019, ECF No.

124; Resp. of the ITC to U.S. Defs' Mot. for Reh'g or Recons., Mar. 29, 2019, ECF No. 112.

    The ITC moved separately for a stay pending appeal in the U.S. Court of Appeals for the

Federal Circuit on March 22, 2019.  Non-Confidential Emergency Mot. of Appellant ITC to Stay

the Trial Ct.'s Prelim. Inj. & Further Proceedings Below Until Subject Matter Jurisdiction is

Established, One World Techs., Inc. v. United States, No. 19-1663 (Fed. Cir. Mar. 22, 2019),

ECF No. 6-1.

    Plaintiff filed a motion to amend the complaint and a motion for supplemental injunctive

relief on March 25, 2019.  Pl.'s Mot. for Leave to File Am. Compl., Mar. 25, 2019, ECF No.

101; Emergency Mot. for Additional Injunctive Relief, Mar. 25, 2019, ECF No. 103 ("Motion

for Additional Injunctive Relief").  Defendants filed an Answer to Plaintiff's original complaint,

ECF No. 6, on March 26, 2019.  Defs.' Answer & Affirmative Defense, Mar. 26, 2019, ECF No. 104.

Customs filed the administrative record in this case on March 26, 2019.  Confidential Administrative R. for U.S. Customs and Border Protection, Mar. 26, 2019, ECF No. 105; Public Administrative R. for CBP, Mar. 26, 2019, ECF No. 106.

Plaintiff filed a motion to supplement its Motion for Additional Injunctive Relief on March 28, 2019.  Mot. to Suppl. Emergency Mot. for Additional Injunctive Relief, Mar. 28, 2019, ECF Nos. 108 & 109.

Defendants, Chamberlain, and the ITC responded to One World's motion to amend the complaint.  Defs' Resp. to Pl.'s Mot. for Leave to File Am. Compl., Mar. 29, 2019, ECF No. 113; Chamberlain's Opp'n to Pl.'s Mot. for Leave to File Am. Compl., Mar. 29, 2019, ECF No. 114; Opp'n of the ITC to Pl's Mot. for Leave to File Am. Compl., Mar. 28, 2019, ECF No. 110.

The court granted Plaintiff's motion to amend the complaint, and Plaintiff's Amended Complaint was deemed filed on April 2, 2019.  Order, Apr. 2, 2019, ECF No. 119; see also Pl. Am. Compl.  Plaintiff's Amended Complaint alleged two counts.  Count I requested injunctive relief and challenged Custom's decision to detain and exclude the First, Second, Third, and Fourth Shipments, and seize the Fifth and Sixth Shipments.  Pl. Am. Compl. ¶¶ 83–94.  Count II requested declaratory relief and challenged, *inter alia*, Customs' application of HQ H295697 to detain, exclude, or seize present and future shipments of Redesigned GDOs, as well as modify or revoke HQ H295697.  Pl. Am. Compl. ¶¶ 95–117.

Defendants, Chamberlain, and the ITC responded to and opposed One World's Motion for Additional Injunctive Relief.  Defs.' Resp. to Pl.'s Emergency Mot. for Additional Injunctive Relief, Apr. 2, 2019, ECF No. 117; Chamberlain's Resp. in Opp'n to Pl.'s Suppl. Emergency

Mot. for Additional Injunctive Relief, Apr. 2, 2019, ECF No. 116; Opp'n of the ITC to

Appellant's Mots. for Additional Injunctive Relief, Apr. 2, 2019, ECF No. 115.

Defendants filed a motion to withdraw their Motion for Rehearing or Reconsideration.

Defs.' Mot. for Leave to Withdraw its Mot. for Reh'g or Recons., Apr. 5, 2019, ECF No. 129.

One World, Chamberlain, and the ITC responded.  Pl.'s Resp. to Defs.' Mot. to Withdraw Their

Mot. for Reh'g or Recons., Apr. 10, 2019, ECF No. 136; Chamberlain's Resp. to the

Government's Mot. to Withdraw Its Mot. for Reh'g or Recons., Apr. 9, 2019, ECF No. 132;

Resp. of the ITC to U.S. Defs.' Mot. to Withdraw Its Mot. for Reh'g or Recons., ECF No. 133.

The court requested that Plaintiff provide additional information regarding the evidence

for Plaintiff's Motion for Additional Injunctive Relief to clarify the record.  Ltr. from Ct., Apr. 8,

2019, ECF No. 131.  One World filed a Table of Evidence on April 10, 2019.  Pl.'s Table of

Evid., Apr. 10, 2019, ECF No. 135.  Defendants and Chamberlain filed objections.  Defs.' Resp.

to Pl.'s Table of Evid., Apr. 11, 2019, ECF No. 139; Chamberlain's Objs. to Pl.'s Table of Evid.,

Apr. 11, 2019, ECF Nos. 137 & 138.  One World responded to Defendants' and Chamberlain's

objections.  Pl.'s Resp. to the Government's and Chamberlain's Objs. to Pl.'s Table of Evid.,

Apr. 12, 2019, ECF Nos. 140 & 141.

Chamberlain filed a motion to partially dismiss Plaintiff's Amended Complaint on April

12, 2019.  Chamberlain's Mot. to Partially Dismiss Am. Compl., Apr. 12, 2019, ECF No. 142.

Defendants filed a motion to dismiss Plaintiff's Amended Complaint on April 16, 2019.  Defs.'

Mot. to Dismiss, Apr. 16, 2019, ECF No. 143.

Defendants filed a notice of appeal to the U.S. Court of Appeals for the Federal Circuit

on April 17, 2019.  Notice of Appeal, Apr. 17, 2019, ECF No. 144.  The ITC's motion for a stay

pending appeal before the U.S. Court of Appeals for the Federal Circuit was denied on April 17,

2019.  Order, <u>One World Techs., Inc. v. United States,</u> No. 19-1663 (Fed. Cir. Apr. 17, 2019),

ECF No. 37.

      Plaintiff provided a status update regarding its Motion for Additional Injunctive Relief on

April 19, 2019.  Ltr. from One World to Ct., Apr. 19, 2019, ECF Nos. 146 & 147.  The court

requested that Plaintiff submit evidence in support of One World's status update.  Ltr. from Ct.,

Apr. 24, 2019, ECF No. 154.  One World filed a declaration and supporting exhibits on April 25,

2019.  Ltr. from One World to Ct., Apr. 25, 2019, ECF Nos. 156 & 157.

      One World notified the court of the ITC's Chief Administrative Law Judge's ("ALJ")

Recommended Determination in the ITC's modification proceedings regarding the Redesigned

GDOs on April 23, 2019, which concluded that the Redesigned GDOs do not infringe

Chamberlain's patent and recommended that the ITC amend the prior Limited Exclusion Order

to exclude the Redesigned GDOs.  Pl. One World's Notice of Suppl. Authority in Supp. of Its

Emergency Mot. for Additional Injunctive Relief, Apr. 23, 2019, ECF Nos. 151 & 152 ("One

World's Notice of Supplemental Authority"); Recommended Determination, Ex. A, April 23,

2019, ECF No. 151-1.  Chamberlain and the ITC responded.  Resp. of Chamberlain to One

World's Notice of Suppl. Authority, April 25, 2019, ECF No. 155; Resp. of the ITC to One

World's Notice of Suppl. Authority, April 24, 2019, ECF No. 153.

      The court denied the ITC's motion to stay on May 2, 2019.  <u>One World Techs., Inc., v.</u>

<u>United States, et al.,</u> Slip Op. 19-53, 2019 WL 1975941 (CIT May 2, 2019).

      Plaintiff and Defendants reached a Settlement Agreement on May 1, 2019 and filed the

present Joint Motion to Dismiss.  Joint Mot. to Dismiss, May 1, 2019, ECF No. 162.

Chamberlain opposed the Joint Motion to Dismiss.  Resp. of Chamberlain to Joint Mot. to

Dismiss, May 2, 2019, ECF No. 163.  The ITC took no position.  Resp. of the ITC to the Mot. to

Dismiss, May 2, 2019, ECF No. 165.  Defendants replied on May 2, 2019.  Defs.' Reply to

Chamberlain's Resp. to the Joint Mot. to Dismiss, May 2, 2019, ECF No. 167.  Defendants filed

a clarification of their position regarding a stay on May 3, 2019.  Clarification of Defs.' Position

Regarding a Stay, May 3, 2019, ECF No. 169.

      The court held a telephonic status conference on May 3, 2019, ECF No. 168.  Following

the status conference, the court suspended all briefing, discovery, and further proceeding

deadlines occurring on or after May 1, 2019 in Court No. 19-00017.  Order, May 3, 2019, ECF

No. 171.  The court also ordered proceedings in Court No. 18-00200 to be stayed effective May

3, 2019.  Order, One World Techs., Inc. v. United States, No. 18-cv-00200-JCG (CIT May 3,

2019), ECF No. 119.

      Defendants moved to dismiss their appeal to the U.S. Court of Appeals for the Federal

Circuit.  Federal Defendants-Appellants' Mot. to Dismiss Appeal No. 2019-1783, One World

Techs., Inc. v. United States, Nos. 19-1663, 19-1681, 19-1783 (Fed. Cir. May 3, 2019), ECF No.

49.  The U.S. Court of Appeals for the Federal Circuit granted Defendants' motion and dismissed

Defendants' appeal.  Order, One World Techs., Inc. v. United States, No. 19-1783 (Fed. Cir.

May 6, 2019), ECF No. 50.  Chamberlain's appeal, Court No. 19-1681, and the ITC's appeal, Ct.

No. 19-1663, currently remain pending before the U.S. Court of Appeals for the Federal Circuit.

See One World Techs., Inc. v. United States, Nos. 19-1663, 19-1681 (Fed. Cir. filed Mar. 18,

2019 & Mar. 21, 2019).

## JURISDICTION

      The court found jurisdiction previously in this action pursuant to 28 U.S.C. 1581(i)

(2012).  See One World II.  This court has jurisdiction over Plaintiff's Joint Motion to Dismiss,

as Federal Rule of Appellate Practice 4(a)(4)(B)(i) suspends the effect of the notices of appeal

until the U.S. Court of International Trade rules on the motions to alter or amend the judgment

under USCIT Rule 59 and for relief under USCIT Rule 60.[2]  See Order, Apr. 2, 2019, ECF No.

119; Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc., 123 F. App'x 995,

997 (Fed. Cir. 2005) ("Under Fed. R. App. P. 4(a)(4)(B)(i), the notice of appeal was not effective

until the district court had disposed of the motion for reconsideration on the merits."); Fed. R.

App. P. Rule 4(a)(4)(A)(iv), (vi); Fed. R. Civ. P. 62.1 Advisory Committee Notes, 2009

Adoption ("Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit,

suspend the effect of a notice of appeal filed before or after the motion is filed until the last such

motion is disposed of. [sic]").  As Plaintiff has a pending motion under USCIT Rule 59,

Plaintiff's Emergency Motion for Additional Injunctive Relief, Mar. 25, 2019, ECF Nos. 102 &

103, and Defendants have a pending motion under USCIT Rule 60, Defs.' Mot. for Reh'g or

Recons., Mar. 21, 2019, ECF No. 100, this court retains jurisdiction to rule on the present Joint

Motion to Dismiss.

## DISCUSSION

### I.      Voluntary Dismissal Under USCIT Rule 41(a)(2)

Plaintiff's Joint Motion to Dismiss requests dismissal of Count I of the Amended

Complaint with prejudice, and dismissal of Count II of the Amended Complaint without

prejudice.  Joint Motion to Dismiss 3.  Although Plaintiff and Defendants consent to the motion,

Defendant-Intervenor Chamberlain does not consent to the Joint Motion to Dismiss, Resp. of

Chamberlain to Joint Motion to Dismiss 1, May 2, 2019, ECF No. 163, and the motion is

---

[2] Federal Rule of Appellate Practice 4(a)(4)(A) references the Federal Rules of Civil Procedure.
The Rules of the United States Court of International Trade ("CIT Rules") are styled, numbered
and arranged to the maximum extent practicable in conformity with the Federal Rules of Civil
Procedure and the CIT Rules are the appropriate cross-reference in this matter.  See Preface, CIT
Rules.

adjudicated under USCIT Rule 41(a)(2).  See Garber v. Chicago Mercantile Exch., 570 F.3d

1361, 1365 (Fed. Cir. 2009) (stating that "Rule 41(a) contemplates the voluntary dismissal of

actions . . . . Rule 41(a)(1)(A)(ii) permits dismissal at any time during the proceedings if all

parties sign a stipulation of dismissal. In contrast, Rule 41(a)(2) contemplates dismissal of the

action by the plaintiff at a latter stage of the proceedings without agreement from all parties

involved.").

Dismissal under USCIT Rule 41(a)(2) is within the discretion of the court.  USCIT Rule

41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms

that the court considers proper."); see Walter Kidde Portable Equip., Inc. v. Universal Sec.

Instruments, Inc., 479 F.3d 1330, 1336–37 (Fed. Cir. 2007); Tomoegawa (U.S.A.), Inc. v. United

States, 15 CIT 182, 190 (1991).  The primary purpose of USCIT Rule 41(a)(2) is to prevent

voluntary dismissals that unfairly affect the other side, and to permit the imposition of curative

conditions.  Legal prejudice to the defendant is the foremost factor for the court to consider in

exercising its discretion over a Rule 41(a)(2) motion to dismiss.  Tomoegawa, 15 CIT at 190; see

also Zhengzhou Harmoni Spice Co. v. United States, 34 CIT 40, 47–49 (2010) (discussing that

dismissal without prejudice has a greater risk of legal prejudice than dismissal with prejudice).

As an initial matter, the court finds that there is no legal prejudice to the Defendants, as

Defendants consent to Plaintiff's Joint Motion to Dismiss and raise no assertion of prejudice to

Defendants' interests.  Joint Mot. to Dismiss, May 1, 2019, ECF No. 162; see Defs.' Reply to

Chamberlain's Resp. to the Joint Mot. to Dismiss, May 2, 2019, ECF No. 167.

The court also considers prejudice to Defendant-Intervenors.  See Zhengzhou Harmoni

Spice, 34 CIT at 49.  Defendant-Intervenor ITC does not assert any prejudice as a result of

Plaintiff's Joint Motion to Dismiss.  Resp. of the ITC to the Mot. to Dismiss 1, May 2, 2019,

ECF No. 165 (taking "no position" on the Joint Motion to Dismiss).  The court finds that there is

no legal prejudice to the ITC.

Defendant-Intervenor Chamberlain asserts prejudice from Plaintiff's voluntary dismissal.

Resp. of Chamberlain to Joint Mot. to Dismiss 5, May 2, 2019, ECF No. 163.  Chamberlain

argues that the Settlement Agreement will prejudice Chamberlain by giving effect prematurely to

the ITC ALJ's Recommended Determination before the ITC decides whether to adopt the ALJ's

recommendation.  Id.  Defendants counter that the Settlement Agreement will not give effect to

the ITC ALJ's Recommended Determination, but explain instead that the "reasoning underlying

the recommendations . . . caused Customs to reevaluate the appropriateness of continuing to

exclude and seize One World's Redesigned GDOs."  Defs.' Reply to Chamberlain's Resp. to the

Joint Mot. to Dismiss 3, May 2, 2019, ECF No. 167.   Defendants also contend that as a

Defendant-Intervenor, "Chamberlain's role is limited to defending the Government's actions"

and that Chamberlain requests relief which is beyond the scope of Plaintiff's Amended

Complaint and "does not support the position of the [D]efendants."  Id. at 2–3.

First, the court notes that Chamberlain has not filed any crossclaim or counterclaim in

this action, and Chamberlain's interests in the present action are limited to that of a Defendant-

Intervenor.  United States v. T.J. Manalo, Inc., 33 CIT 1530, 1536 (2009) (noting that "because

no counterclaim was asserted in this case, there can be no concern that such a claim might be

compromised by a dismissal").  As Plaintiff and Defendants have resolved their dispute by

means of a Settlement Agreement, the court finds that Chamberlain cannot insist that Plaintiff

maintain the present action for the purposes of serving Chamberlain's interests as a Defendant-

Intervenor.  See Zhengzhou Harmoni Spice, 34 CIT at 50.

Second, the court finds that Chamberlain is not prejudiced by the dismissal of Plaintiff's claims that seek relief contrary to Chamberlain's interests, including Chamberlain's interest in protecting its patent rights.  See, e.g., Resp. of Chamberlain to Joint Mot. to Dismiss 3, May 2, 2019, ECF No. 163 (noting Chamberlain's interest in its patent rights).  On the contrary, dismissal benefits Chamberlain by removing the possibility that the court could grant Plaintiff's requested relief by finding that One World's products do not infringe Chamberlain's patent.  The court concludes that dismissal also benefits Chamberlain because Chamberlain itself requested that the court partially dismiss the Amended Complaint, and the court is thus partially granting Chamberlain's requested relief.  See Chamberlain's Mot. to Partially Dismiss Am. Compl., Apr. 12, 2019, ECF No. 142.

Third, Chamberlain asserts that it will be prejudiced by dismissal because Chamberlain disagrees with the Settlement Agreement between One World and Defendants.  See Resp. of Chamberlain to Joint Mot. to Dismiss 5, May 2, 2019, ECF No. 163.  Chamberlain argues that the ITC's orders do not permit Customs to release the Redesigned GDOs for consumption in the United States.  See id. at 4–5.  Defendants counter that Customs is permitted to conditionally release the subject merchandise under bond.  See Defs.' Reply to Chamberlain's Resp. to the Joint Mot. to Dismiss 3–4, May 2, 2019, ECF No. 167.  The court finds that Chamberlain's concerns with the Settlement Agreement are not appropriately addressed in the context of Plaintiff's motion for voluntary dismissal.  See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig., 504 F. App'x 900, 906 n.3 (Fed. Cir. 2013) (noting that a settlement agreement is akin to a contract).

The court concludes that Chamberlain does not demonstrate that Chamberlain will suffer prejudice in this action if the court grants Plaintiff's Joint Motion to Dismiss.  The court exercises its discretion to grant Plaintiff's Joint Motion to Dismiss.

## II.    Jurisdiction Over the Settlement Agreement

Pursuant to USCIT Rule 41(a)(2) and as a term of the dismissal, the court exercises its discretion to retain jurisdiction over enforcement of and compliance with the Settlement Agreement.  USCIT Rule 41(a)(2); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994); Nissim Corp. v. ClearPlay, Inc., 499 F. App'x 23, 30 (Fed. Cir. 2012) (citing Kokkonen for the holding that a court "has the discretion to retain ancillary jurisdiction to enforce a settlement agreement"); In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig., 504 F. App'x at 909 n.6; Schaefer Fan Co. v. J & D Mfg., 265 F.3d 1282, 1287 (Fed. Cir. 2001); see also 28 U.S.C. §§ 1585, 2201.  The court notes that the Government agreed to conditionally release the First, Second, Third and Fourth Shipments in Section 1.3 of the Settlement Agreement, and the Government agreed to conditionally release all future shipments of Redesigned GDOs in Section 1.5 of the Settlement Agreement.  See Settlement Agreement, Ex. A, May 1, 2019, ECF No. 162–3.  The court expects that One World and Defendants will abide by the terms of the Settlement Agreement.

## III.    Pending Motions in This Action

For the foregoing reasons, the court dismisses the complaint, and the court denies the following pending motions as moot: Defendants' Motion for Rehearing or Reconsideration, March 21, 2019, ECF No. 100, Plaintiff's Emergency Motion for Additional Injunctive Relief, March 25, 2019, ECF Nos. 102 & 103, Plaintiff's Motion to Supplement Emergency Motion for Additional Injunctive Relief, March 28, 2019, ECF Nos. 108 & 109, Defendants' Motion for

Leave to Withdraw its Motion for Rehearing or Reconsideration, April 5, 2019, ECF No. 129,

Chamberlain's Motion to Partially Dismiss Amended Complaint, April 12, 2019, ECF No. 142,

Defendants' Motion to Dismiss, April 16, 2019, ECF No. 143, and Plaintiff's Emergency Motion

to Release the Merchandise, May 9, 2019, ECF No. 176.

A judgment will issue accordingly.


   /s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge


Dated:      May 9, 2019
       New York, New York